**CLIFFORD**
**CHANCE**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK, NY 10019-6131

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

BY ECF

Direct Dial: +1 212 878 3224
E-mail: robert.houck@cliffordchance.com

The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

September 9, 2022

Re:   *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*,
       No. 22 Civ. 5199 (DLC)

Your Honor:

We represent Defendant, the Democratic Socialist Republic of Sri Lanka ("Sri Lanka"). Pursuant to Section 2(C) of Your Honor's Individual Practices, we write to request a conference regarding a discovery dispute. In particular, Sri Lanka requests a partial stay of discovery pending resolution of its anticipated motion to dismiss. Counsel met and conferred by videoconference on August 23 and September 1, 2022 but were unable to reach an agreement.

This action concerns certain U.S. dollar-denominated sovereign bonds issued by Sri Lanka (the "Bonds"). Plaintiff seeks damages based on alleged non-payment of the Bonds (First Claim). Plaintiff also seeks declaratory and injunctive relief based on a "*pari passu*" clause in the governing indenture, which provides that the Bonds must "rank at least equally" with other foreign currency debt (Second and Third Claims). Plaintiff argues that this clause prohibits Sri Lanka from paying any other debt unless it also makes a "ratable payment" to Plaintiff. Sri Lanka will move to dismiss at least the Second and Third Claims and requests a stay of discovery on those claims.[1]

"District courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss." *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002). In this context, courts generally consider: (1) whether the motion to dismiss "appears to have substantial grounds"—*i.e.*, that the motion "does not appear to be without foundation in law"; (2) "the breadth of discovery and the burden" on the party seeking the stay; and (3) "unfair prejudice to the party opposing the stay." *Id.* (internal alterations and quotation marks omitted). These factors strongly support a discovery stay here.

---

[1]   Sri Lanka is still considering its defenses to the First Claim (and reserves all rights) but has agreed to proceed with discovery on that claim. Plaintiff suggests a discovery stay is improper because Sri Lanka might seek only a partial dismissal (*see* Doc. 16, at 3), but the case Plaintiff cites is inapposite. *See Medina v. City of N.Y.*, 2020 WL 3050971, at *3 (S.D.N.Y. June 8, 2020) (denying *full* stay of discovery where defendants failed to "propose alternative ways of moving forward with discovery on the several claims not at issue in the pending motions"). Here, Sri Lanka requests only a *partial* stay of discovery.

*First*, Sri Lanka's anticipated motion to dismiss has more than substantial grounds because the *pari passu* claims are defective as a matter of law. The Second Circuit has emphasized that "**mere selectivity in payment**" is not a *pari passu* violation. *Bugliotti v. Republic of Argentina*, 952 F.3d 410, 415 (2d Cir. 2020) (emphasis added); *NML Cap., Ltd. v. Republic of Argentina*, 727 F.3d 230, 247 (2d Cir. 2013) ("[W]e have not held that a sovereign debtor breaches its *pari passu* clause every time it pays one creditor and not another, or even every time it enacts a law disparately affecting a creditor's rights."). Rather, an "extraordinary" course of conduct by a "uniquely recalcitrant debtor" is required—*e.g.*, when Argentina, for several years, disavowed its debts and passed legislation to bar paying them or recognizing related judgments. The Complaint does not allege anything like these extraordinary circumstances. *See Bugliotti*, 952 F.3d at 415 (dismissing *pari passu* claim because "Plaintiffs have not alleged facts sufficient to disturb our more recent conclusion that Argentina is uniquely recalcitrant no more" (internal quotation marks omitted)).[2]

*Second*, discovery on the *pari passu* claims would impose substantial burdens. The claims implicate extremely sensitive issues, including the effects of the ongoing economic and humanitarian crisis on Sri Lanka's resources, the continuing efforts to secure emergency assistance from the International Monetary Fund ("IMF")[3] and anticipated debt restructuring efforts, and whether Sri Lanka might pay any creditors in the meantime to the extent possible. Such discovery would likely disrupt the IMF assistance process and restructuring discussions with creditors required in connection therewith, distract government officials from managing the crisis, and require significant time and expense. *See, e.g., Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (granting discovery stay, noting risk of "a substantial diversion of public resources which may not be ultimately necessary"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (same, noting the "expense and possible injury to the success of defendants' current contractual negotiations").

*Third*, Plaintiff will suffer no prejudice from the requested stay because it should have no right to discovery on facially defective claims. But even if the claims survive a motion to dismiss, Plaintiff would have to show extraordinary circumstances to ultimately prevail, which would involve vigorous disputes over a wide set of factual issues. Since that would take substantial time, a short discovery stay while the motion to dismiss is pending will not cause unfair prejudice.

Respectfully submitted,

s/ Robert G. Houck
Robert G. Houck

---

[2]   Sri Lanka will further detail these issues in its motion to dismiss. Plaintiff suggests that motion is unnecessary because a money judgment on the First Claim would render the *pari passu* claims moot (*see* Doc. 16, at 3). Of course, if that were so, there would be no need for discovery on those claims. Plaintiff fails to mention the drastic injunctive relief it seeks on these claims.

[3]   Progress has been made in that regard. *See* IMF Press Release No. 22/295 ("IMF Staff Reaches Staff-Level Agreement on an Extended Fund Facility Arrangement with Sri Lanka").