UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMILTON RESERVE BANK LTD.,<br><br>                              Plaintiff,<br><br>- v. -<br><br>THE DEMOCRATIC SOCIALIST REPUBLIC OF SRI LANKA,<br><br>                              Defendant. | Civil Action No. 1:22-cv-05199-DLC |

## STIPULATED [PROPOSED] PROTECTIVE ORDER

It is hereby stipulated by the parties to this action (collectively, the "Parties," and each individually, a "Party"), and ordered by the Court, that:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential such Discovery Material that it reasonably and in good faith believes consists of:

    (a) non-public financial information;

    (b) non-public material relating to ownership or control of any non-public company;

    (c) non-public business plans, product-development information, or marketing plans;

    (d) any other information of a confidential or personal nature; or

    (e) any other category of information given Confidential status by this

Court after the date of this Order.

3. With respect to Discovery Material other than deposition transcripts and exhibits, the Producing Party may designate such Discovery Material as "Confidential" by stamping or otherwise clearly marking it as "Confidential."

4. A Producing Party may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential any Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a

Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; or (d) a waiver or agreement by a Party that material designated as Confidential by a Producing Party pursuant to this Order is appropriately the subject of confidential treatment under the Federal Rules of Civil Procedure or otherwise.

7. Confidential Discovery Material may be disclosed only to:

(a) the Parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel engage for this matter;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) stenographers engaged to transcribe depositions the Parties conduct in this action;

(f) this Court, including any appellate court, its support personnel, and court reporters;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

(i) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(g), 7(h), or 7(i) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement to be produced to opposing counsel upon written request.

9. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall comply with Section 8.B of the Court's Individual Practices in Civil Cases.

10. Any Party who objects to any designation of Discovery Material as Confidential may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Sections 2.C and 4.J of the Court's Individual Practices in Civil Cases.

11. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

12. Each person who has access to Confidential Discovery Material must take appropriate precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it to the Producing Party or destroy it, including all copies thereof. In either event, upon the Producing Party's request, the recipient must certify such return or destruction by submitting a written certification to the Producing Party within five business days after the 60-day deadline. Notwithstanding this provision, counsel for the Parties may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

14. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

15. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation.

16. Nothing in this Order limits any person from seeking (i) further or

additional protections of its materials, or (ii) modification of this Order.

SO STIPULATED AND AGREED.

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **CLIFFORD CHANCE US LLP** |
| By: /s/ | By: /s/ |
| Javier Bleichmar | Robert G. Houck |
| Evan A. Kubota | John P. Alexander |
| 7 Times Square, 27th Floor | Benjamin A. Berringer |
| New York, NY 10036 | 31 West 52nd Street |
| Telephone: (212) 789-1340 | New York, NY 10019 |
| Facsimile: (212) 205-3960 | Telephone: (212) 878-8000 |
| jbleichmar@bfalaw.com | Facsimile: (212) 878-8375 |
| ekubota@bfalaw.com | Robert.Houck@cliffordchance.com |
| | John.Alexander@cliffordchance.com |
| **JENNER & BLOCK LLP** | Benjamin.Berringer@cliffordchance.com |
| Lee Wolosky | |
| 1155 Avenue of the Americas | *Counsel for Defendant* |
| New York, NY 10036 | |
| Telephone: (212) 891-1600 | |
| lwolosky@jenner.com | |
| | |
| *Counsel for Plaintiff* | |

SO ORDERED.

Dated:
New York, New York

　　　　　　　　　　　　　　　　　　　　　　DENISE L. COTE
　　　　　　　　　　　　　　　　　　　　　United States District Judge

6

<u>Exhibit A</u> to Stipulated Confidentiality Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAMILTON RESERVE BANK LTD., <br><br> Plaintiff, <br><br> - v. - <br><br> THE DEMOCRATIC SOCIALIST REPUBLIC OF SRI LANKA, <br><br> Defendant. | Civil Action No. 1:22-cv-05199-DLC |

## **NON-DISCLOSURE AGREEMENT**

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name:
Date: