**CLIFFORD CHANCE**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK, NY 10019-6131

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

BY ECF

Direct Dial: +1 212 878 3224
E-mail: robert.houck@cliffordchance.com

The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

June 20, 2023

Re:   *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*,
      No. 22 Civ. 5199 (DLC)

Your Honor:

On behalf of Defendant, the Democratic Socialist Republic of Sri Lanka ("Sri Lanka"), we write to request a conference regarding a discovery dispute with Plaintiff Hamilton Reserve Bank Ltd. ("HRB"). With discovery currently scheduled to close today (*see* Doc. 40), HRB has produced only a handful of documents that fail to address whether HRB is the beneficial owner of the Bonds.[1] Sri Lanka seeks (1) to require HRB to make a sufficient document production as discussed below; and (2) a three-week extension of the current schedule for the limited purpose of allowing that production and affording time for a potential deposition (if necessary) of HRB. Counsel met and conferred by telephone on May 11, May 25, and June 15 (and by email), but did not reach an agreement. Given the scheduled close of discovery, Sri Lanka is forced to seek relief.

As discussed at the status conference with Your Honor on April 20, 2023, the key issue remaining in this case is whether HRB is a beneficial owner of the Bonds. The authorization-to-sue letter on which HRB seeks to proceed (Am. Compl. Ex. A) was based on that assumption. But if HRB holds its claimed interest on behalf of other persons (as we expect would be typical for a bank), then HRB is not the beneficial owner. In that case, the authorization-to-sue letter would be defective, and HRB would lack standing to sue. These issues are entirely fair game for discovery.[2]

Unfortunately, despite assuring the Court that its document production would be complete within a week of the April 20 conference, HRB has utterly failed to meet its discovery obligations. HRB has produced a total of *17 documents*, most of which are publicly available news article and press

---

[1] HRB recently produced a declaration on this topic from one of its executives, but Sri Lanka is entitled to HRB's ordinary course documents to assess HRB's conclusory assertions.

[2] *See Lovati v. Petroleos De Venezuela, S.A.*, No. 19 Civ. 4799, 2022 WL 1416646, at *3 (S.D.N.Y. May 5, 2022) (allowing discovery because "at this stage in the proceedings, there is no support for Plaintiffs' assertion that the [authorization-to-sue] letter constitutes 'proof,' rather than evidence that can properly be rebutted by other evidence"); *Diverse Partners, LP v. AgriBank, FCB*, No. 16 Civ. 9526, 2019 WL 4305008, at *3-4 (S.D.N.Y. Sept. 11, 2019) ("[V]erifying that any purported beneficial owner actually held an interest in the Notes—and, even more importantly, confirming that the interest was genuine beneficial ownership rather than yet another tier in the 'street name' waterfall—requires scrutinizing a set of banking records and related documents[.]").

releases about Sri Lanka's financial situation.  Although HRB has produced a handful of (redacted) documents reflecting its claimed holdings with third-party brokers, these documents do not show how HRB itself—***on its own books***—holds the Bonds.  For instance, there is no contemporaneous document reflecting any decision by HRB to put its own capital at risk (as opposed to engaging in a swap or other arrangement in which a third party has the economic interest).  As summarized below, HRB should be required to produce, at a minimum, all of the following:

<u>Internal Documents Concerning Ownership</u>.  Sri Lanka has issued narrowly tailored requests to explore the nature and amount of HRB's ownership interest and, in particular, whether HRB holds the Bonds for its own account or for other persons.  During the meet-and-confer process, Sri Lanka has further narrowed its requests to a discrete set of documents that likely would address this issue:
- HRB's 2021-2023 (i) audited financial statements, (ii) annual financial reports or returns, and (iii) documentation concerning its investment decision regarding the Bonds (*i.e.*, minutes and resolutions of HRB's board of directors, investment committee, or any similar body, and memoranda regarding same); and
- Any agreements concerning the transaction(s) in connection with HRB's interest.

<u>Communications with the Trustee and Holder Representatives</u>.  HRB has refused to produce any of its communications concerning the Bonds or the Indenture with the Trustee, DTC, or DTC's participants.  These communications would necessarily reflect the nature and amount of HRB's claimed ownership interest, including the information HRB provided in order to procure the authorization-to-sue letter.  Moreover, we expect there would be very few such communications, and so any burden of production would be minimal.

<u>Unredacted Documents</u>.  HRB has purported to redact portions of several documents it has produced, based on its own unilateral determinations of relevance and/or purported concerns about confidentiality.  This is improper.  *See Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20 Civ. 5015, 2022 WL 621957, at *2-3 (S.D.N.Y. Mar. 3, 2022) ("In this Circuit, the weight of authority goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy.  Similarly, unilateral redactions based on concerns about personal privacy or business sensitivity are routinely disallowed, particularly where a protective order is in place[.]" (citations and alternations omitted).

<u>Documents Concerning Corporate Ownership</u>.  Sri Lanka has sought limited, routine information concerning the identity of HRB's corporate owners.  This is relevant background information and, in any event, is required by Fed. R. Civ. P. 7.1.  *See* Fed. Prac. & Proc. (Wright & Miller) § 1197 (noting that "[t]he portion of Rule 7.1 pertaining to the disclosure of corporate parents should be given a broad interpretation" and "it is safest to construe the rule as applying to the identification of grandparent corporations and beyond" (footnotes omitted)).

Respectfully submitted,

s/ Robert G. Houck
Robert G. Houck