```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
HAMILTON RESERVE BANK LTD.,              :
                    Plaintiff,           :
                                         :   22-cv-5199 (DLC)
         -v-                             :
                                         :   OPINION AND
THE DEMOCRATIC SOCIALIST REPUBLIC OF     :       ORDER
SRI LANKA,                               :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Javier Bleichmar
Evan A. Kubota
Bleichmar Fonti & Auld LLP
7 Times Square, 27th Floor
New York, NY 10036

For defendant:
Clifford Chance US LLP
Robert G. Houck
Benjamin Berringer
John Alexander
31 West 52nd St
New York, NY 10019

DENISE COTE, District Judge:

On March 1, Sri Lanka filed a motion to extend a stay that expired on February 29, 2024. It seeks an extension of the stay for a period of five months. For the following reasons, this motion is granted.

**Background**

The background of Sri Lanka's foreign debt restructuring negotiations as well as the procedural history of this litigation are set forth in the prior Stay Opinion in this case, familiarity with which is assumed.  See Hamilton Reserve Bank Ltd. v. Democratic Socialist Republic of Sri Lanka, 22cv5199 (DLC), 2023 WL 7180683 (S.D.N.Y. Nov. 1, 2024) (the "Stay Opinion").  In brief, Sri Lanka is working to emerge from an unprecedented economic, political, and humanitarian crisis.  In May of 2022, Sri Lanka defaulted on its international sovereign bonds.  On March 20, 2023, the IMF approved a $2.9 billion arrangement under an Extended Fund Facility ("EFF") to support Sri Lanka's economic policies and reforms.  The program allows Sri Lanka to receive funds in phases over a 48-month period, subject to semi-annual review based on Sri Lanka's continued progress toward IMF targets.  Under the EFF, Sri Lanka must commit to a debt restructuring with official bilateral creditors (i.e., sovereigns such as the United States) and private commercial creditors.

Sri Lanka has made significant progress in its debt restructuring efforts while this action has been stayed.  On November 29, 2023, Sri Lanka reached an agreement in principle

with the Official Creditor Committee[1] ("OCC") on a debt treatment that would be consistent with the EFF program parameters. Sri Lanka has also reached a preliminary debt restructuring agreement with the Export-Import Bank of China on terms consistent with the EFF program targets and comparable to the OCC's terms of agreement.

In December 2023, the IMF approved the first review of Sri Lanka's IMF-supported program. The IMF reviewed Sri Lanka's progress favorably, stating that the Sri Lankan authorities had "made commendable progress with putting debt on a path towards stability."

Sri Lanka also continues to negotiate with private commercial creditors. In February of 2024, Sri Lanka sent a new restructuring proposal to the ad hoc bondholder group's advisors.

Sri Lanka anticipates that it will continue to make progress in its debt negotiations and restructuring over the coming months. Specifically, Sri Lanka anticipates that it will implement restructuring agreements with creditors by the time of the completion of the second IMF program review, which is expected to occur in June or July.

---

[1] The Official Creditor Committee is composed of Sri Lanka's sovereign creditors.

The plaintiff Hamilton Reserve Bank ("Hamilton") filed this action on June 21, 2022. Hamilton asserts that it is the beneficial owner of over $240 million in principal amount of Sri Lanka's international sovereign bonds that were due in July of 2022, and that it is owed this principal as well as accumulated interest. Hamilton has not participated, and does not wish to participate, in Sri Lanka's restructuring negotiations.

On November 1, 2023, Sri Lanka's motion for a stay was granted, and this litigation was stayed until February 29, 2024. On March 1, Sri Lanka filed the instant motion for a further stay of five months, which would expire on August 1, 2024.

Also on February 29, 2024, France, Canada, Japan, the Netherlands, Spain, and the United Kingdom, as members of the Paris Club,[2] submitted a letter to the Court in support of a further stay of proceedings. The letter commended Sri Lanka's "significant progress to restructure their debt with relevant creditor groups" and voiced support for extending the stay by five months "to safeguard ongoing debt restructuring processes."

---

[2] The Paris Club is an informal group of creditor countries whose role is to find coordinated and sustainable solutions to the payment difficulties experienced by debtor countries. Many members of the Paris Club are States with debt exposure to Sri Lanka. In September 2023, France and the UK, as members of the Paris Club, submitted an amicus brief in support of Sri Lanka's original request for a stay.

On March 15, 2024, the U.S. Government filed a letter in support of Sri Lanka's motion for a further stay of proceedings (the "U.S. Letter"). The Government reiterated its position, expressed in its previous Statement of Interest, that "a stay would facilitate an orderly and consensual sovereign debt restructuring process" and "facilitate negotiations with private creditors, an estimated majority of which have conditioned their participation on the application of comparable treatment." The Government noted that since the previous stay was granted, "Sri Lanka has made demonstrable progress on its debt restructuring," and cautioned that absent a further stay, "a judgment against Sri Lanka, entered before restructuring talks further advance, could encourage other private creditors to try to jump the queue . . . and seek repayment separately" through litigation, "rather than as part of an orderly debt restructuring process."

On March 18, Hamilton Reserve Bank consented to a continuation of the stay for no longer than two months. The motion was fully submitted on March 25.

### Discussion

The standard for review of this motion for a stay was set out in the Stay Opinion and will not be repeated here. See Stay Opinion, at *4. In light of Sri Lanka's continuing efforts toward a debt restructuring plan and the significant progress it

5

has made to date, its application for a further stay of five months is granted. The further stay of five months is not indefinite and is informed by the timeline on which Sri Lanka is cooperating with the IMF and working toward finalizing its restructuring agreements. As noted in the Stay Opinion, if Hamilton prevails on its claim in the future, any judgment will be subject to pre-judgment interest. Hamilton's concern that Sri Lanka will continue seeking stays indefinitely is noted, but must be evaluated in the context of Sri Lanka's significant progress toward restructuring its debt during the prior stay. At this time, the prejudice to the plaintiff of a further stay remains minimal.

As explained in the Stay Opinion, any interest in judicial economy in this litigation is strongly outweighed by the risk of a "rush-to-the-courthouse" by private creditors holding Sri Lanka's sovereign debt in an attempt to secure priority. A judgment for Hamilton would threaten the complex ongoing debt negotiations that are now at an advanced stage, thus endangering Sri Lanka's ability to reach economic stability. A further stay would serve the interest of persons not parties to this litigation, including Sri Lanka's official bilateral creditors and private commercial creditors, by promoting comparability of treatment among creditors. Moreover, as explained in the Stay

Opinion, a stay is in the public interest and is in line with U.S. policy.  The Government advocates for a renewed stay, citing the same aspects of U.S. policy that led it to support the original stay.

In lieu of a five-month stay, Hamilton proposes a stay of two months until April 30, 2024, on the condition that Sri Lanka provide Hamilton and the Court with "specific information" about the status of its restructuring.  This proposal is rejected.  As an initial matter, Sri Lanka does not anticipate that it will implement restructuring agreements before June or July of 2024.  Thus, it is likely that a two-month stay would only lead to yet another motion for a further stay.  Furthermore, Sri Lanka has already provided a sufficient description of its restructuring negotiations.  Hamilton has elected not to participate in the restructuring discussions, where it could obtain more information, and Sri Lanka has shown that disclosing details of proposals under consideration may jeopardize the negotiations.

## Conclusion

Sri Lanka's March 1, 2024 motion is granted. This action is stayed through August 1, 2024.

Dated:  New York, New York
        April 23, 2024

                                    _____
                                            DENISE COTE
                                    United States District Judge