```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
HAMILTON RESERVE BANK LTD.,            :
                         Plaintiff,    :
                                       :    22-cv-5199 (DLC)
            -v-                        :
                                       :    MEMORANDUM
THE DEMOCRATIC SOCIALIST REPUBLIC OF   :    OPINION AND
SRI LANKA,                             :       ORDER
                         Defendant.    :
                                       :
-------------------------------------- X
```

APPEARANCES:

For plaintiff:
Javier Bleichmar
Evan A. Kubota
Bleichmar Fonti & Auld LLP
7 Times Square, 27th Floor
New York, NY 10036

Jenner & Block LLP
Lee Wolosky
1155 Avenue of the Americas
New York, NY 10036

For Intervenors Jesse Guzman, Ultimate Concrete, LLC, and Intercoastal Finance Ltd.:
McKool Smith, P.C.
James H. Smith
Grant L. Johnson
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019

Gordon Davis Johnson & Shane, P.C.,
Rob Edwards, Esq.
4695 North Mesa St.
El Paso, Texas 79912

For defendant:
Clifford Chance US LLP
Robert G. Houck
Benjamin Berringer
John Alexander

31 West 52nd St
New York, NY 10019

DENISE COTE, District Judge:

On February 29, 2024, Jesse Guzman, Ultimate Concrete, LLC, and Intercoastal Finance Ltd. (the "Intervenors") filed a motion to intervene in this breach of contract action. For the following reasons, the motion is denied.

## Background

This action pertains to bonds issued by The Democratic Socialist Republic of Sri Lanka. Hamilton Reserve Bank Ltd. ("Hamilton") asserts that it is the beneficial owner of over $250 million of these bonds, which it purchased between August of 2021 and April of 2022 ("Bonds"). Sri Lanka defaulted on the bonds, and Hamilton brought this action on June 21, 2022 to recover the principal and accrued interest owed. On November 1, 2023, this action was stayed while Sri Lanka conducts sovereign debt restructuring negotiations. The November 1 stay expired on February 29, 2024, and Sri Lanka's request for an extension of the stay has been granted to August 1, 2024.

On February 29, 2024, the Intervenors filed a motion to intervene as of right pursuant to Rule 24(a), Fed. R. Civ P., and, in the alternative, for permissive intervention pursuant to Fed. R. Civ. P. 24(b). The Intervenors are the account holder

Intercoastal Finance Ltd., which is organized in Belize; the signatory on the account Jesse Guzman, who is a United States citizen; and the source of the deposited funds, Ultimate Concrete, LLC, a Texas company.

In brief, the Intervenors claim that they deposited $50 million with Hamilton in December of 2021 and that Hamilton returned $200,000 in June of 2022, but that since that time Hamilton has refused the Intervenors' demands for return of any remaining deposited funds.  They assert that they have an equitable interest in the Bonds through a constructive trust because Hamilton purchased the Bonds "close in time" to its receipt of the Intervenors' deposited funds.

The motion to intervene became fully submitted on March 22, 2024.  It is opposed by Hamilton.

On April 19, Hamilton and the Intervenors submitted a joint letter requesting a stay of the motion to intervene until May 13.  The parties report that the account holder, Intercoastal Finance Ltd., has initiated a mediation in Saint Kitts and Nevis with Hamilton.

## Discussion

The Intervenors have not shown that there is subject matter jurisdiction over their claim.  Jurisdiction over the original complaint in this litigation exists pursuant to 28 U.S.C.

3

§ 1330, which provides that district courts shall have original jurisdiction over nonjury civil actions against a foreign state so long as that foreign state is not entitled to immunity. District courts may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," including claims that "involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).[1] "[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (citation omitted). In making that determination, courts have traditionally asked whether the facts underlying the claims substantially overlap or whether the claim in the action necessarily brings the facts underlying the intervenor's claim before the court. Id.

The Intervenors' claims against Hamilton do not share a common nucleus of operative fact with Hamilton's claims against

---

[1] Relying on the bar provided by 28 U.S.C. § 1367(b), Hamilton asserts that there is no supplemental jurisdiction over the Intervenors' claims because the one of the Intervenors is a foreign national, as is Hamilton. F5 Capital v. Pappas, 856 F.3d 61, 75 (2d Cir. 2017). Because jurisdiction over Hamilton's claims against Sri Lanka is founded on § 1330, the bar raised by § 1367(b) does not apply. See Clarendon, Ltd. v. State Bank of Saurashtra, 77 F.3d 631, 637 n.5 (2d Cir. 1996).

Sri Lanka.  Thus, there is no supplemental jurisdiction over the Intervenors' claims.

The subject matter of this action concerns a default on sovereign debt and, in connection with the stay of the litigation, an international effort to restructure that debt. The Intervenors' claims against Hamilton arise from their deposit of funds with Hamilton and Hamilton's refusal to repay deposited funds to the account holder.  The Intervenors' attempt to link their dispute with Hamilton about their deposits to Hamilton's action to enforce Sri Lanka's obligations on the Bonds through a constructive trust theory fails.

## Conclusion

The Intervenors' February 29, 2024 motion to intervene is denied.

Dated:   New York, New York
         April 23, 2024

                                    _____
                                         DENISE COTE
                                    United States District Judge