```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
HAMILTON RESERVE BANK LTD.,             :
                        Plaintiff,      :
                                        :    22-cv-5199 (DLC)
             -v-                        :
                                        :    OPINION AND
THE DEMOCRATIC SOCIALIST REPUBLIC OF    :       ORDER
SRI LANKA,                              :
                        Defendant.      :
                                        :
--------------------------------------- X
```

APPEARANCES:

For plaintiff:
Javier Bleichmar
Evan A. Kubota
Bleichmar Fonti & Auld LLP
7 Times Square, 27th Floor
New York, NY 10036

For defendant:
Clifford Chance US LLP
Robert G. Houck
Benjamin Berringer
John Alexander
31 West 52nd St
New York, NY 10019

DENISE COTE, District Judge:

Sri Lanka has filed a motion to extend a stay of this litigation for a third time. For the following reasons, this motion is granted.

## Background

The history of this litigation, and the crisis in The Democratic Socialist Republic of Sri Lanka which underlies it,

is set forth in the two prior Opinions issued in this case. Familiarity with the Opinions is assumed. See Hamilton Reserve Bank Ltd. v. Democratic Socialist Republic of Sri Lanka, 22cv5199 (DLC), 2024 WL 1739908 (S.D.N.Y. Apr. 23, 2024); Hamilton Reserve Bank Ltd. v. Democratic Socialist Republic of Sri Lanka, 22cv5199 (DLC), 2023 WL 7180683 (S.D.N.Y. Nov. 1, 2023) (the "2023 Stay Opinion").

In brief, Sri Lanka is working to emerge from an economic, political, and humanitarian crisis. In May of 2022, Sri Lanka defaulted on its international sovereign bonds. On March 20, 2023, the IMF approved a $2.9 billion arrangement under an Extended Fund Facility ("EFF"). The EFF allows Sri Lanka to receive funds in phases over a 48-month period, subject to semi-annual review of Sri Lanka's progress toward IMF targets. Under the EFF, Sri Lanka must commit to a debt restructuring with official bilateral creditors (i.e., sovereigns such as the United States) and private commercial creditors.

Sri Lanka's debt restructuring efforts are nearing their completion. On June 26, 2024, Sri Lanka and the Official Creditor Committee composed of Sri Lanka's sovereign creditors ("OCC") announced that they had finalized a memorandum of understanding on debt restructuring consistent with the IMF program and the comparability of treatment principle. Also on

June 26, Sri Lanka finalized a debt restructuring agreement with the Export-Import Bank of China on terms consistent with the EFF program targets and comparable to those in the memorandum of understanding with the OCC.

On July 3, Sri Lanka and the ad hoc bondholder group of private commercial creditors (the "Committee") agreed on the core financial terms of an international sovereign bond restructuring, which they memorialized in a Joint Working Framework ("Framework"). The Framework was subject to confirmation by both the IMF and the OCC. On September 19, Sri Lanka and the Committee reached an agreement in principle (the "Agreement"). The Agreement reflects substantial input from the IMF and OCC. On October 4, Sri Lanka completed consultations with the OCC and IMF staff regarding the compliance of the Agreement with the comparability of treatment principle and the EFF program parameters.

Sri Lanka anticipates that it will conclude its debt restructuring process shortly. It has selected Citigroup Global Markets Inc. to act as dealer manager to support the execution of the bond exchange, legal documentation, and other processes necessary to implement the exchange. As of September 20, Sri Lanka expected that it would take approximately eight weeks, until mid-November, to launch the exchange offer and consent

3

solicitation.  On October 4, Sri Lanka reiterated its intent to launch the formal exchange offer as soon as possible.

The plaintiff Hamilton Reserve Bank ("Hamilton") filed this action on June 21, 2022.  Hamilton asserts that it is the beneficial owner of over $240 million in principal amount of Sri Lanka's international sovereign bonds that were due in July of 2022, and that it is owed this principal as well as accumulated interest.  Hamilton has not participated, and represents that it does not wish to participate, in Sri Lanka's restructuring negotiations.

On November 1, 2023, Sri Lanka's motion for a stay was granted, and this litigation was stayed until February 29, 2024.  On April 23, 2024, Sri Lanka was granted a further stay.  On July 29, Sri Lanka filed the instant motion for a stay of four months, which would expire on November 30, 2024.  On August 14, Hamilton consented to a continuation of the stay until September 30.

Meanwhile, on August 19, 2024, France, Canada, Japan, the Netherlands, Spain, and the United Kingdom, as members of the Paris Club,[1] submitted a letter to the Court in support of a further stay of proceedings.  The letter commended Sri Lanka's

---

[1] The Paris Club is an informal group of creditor countries whose role is to find coordinated and sustainable solutions to the payment difficulties experienced by debtor countries.

"significant progress in its debt restructurings" and voiced support for extending the stay by four months "to safeguard ongoing debt restructuring processes."  The United States of America had provided a Statement of Interest on October 2, 2023, in support of the initial stay.  It provided another Statement of Interest on March 15, 2024, in support of the renewed stay.

On August 29, the Committee submitted a brief as amicus curae.  That brief emphasized the importance of the restructuring work and its desire that progress be made in September.

On October 1, Hamilton filed a letter stating that recent political developments in Sri Lanka, including the election of Anura Kumara Dissanayake, threatened to undermine Sri Lanka's progress toward finalizing the restructuring.  On October 4, Sri Lanka filed a letter stating that, following the election, Sri Lankan authorities had confirmed their endorsement of the IMF-supported debt program targets and of the Agreement and had confirmed their intention to expedite the implementation of the restructuring.

## Discussion

The standard for review of this motion for a stay was set out in the 2023 Stay Opinion and will not be repeated here. During the time that this litigation has been stayed, Sri Lanka

achieved agreements with both sovereign and private holders of its debt, aided by consultations with the IMF.  The two prior stays have not been for indefinite periods of time and this stay will not be indefinite either.  It is granted nunc pro tunc until the end of this month.

The relevant factors have continued throughout this entire period to weigh heavily in favor of the stay.  These stays have assisted in the reorganization of the sovereign debt of Sri Lanka.  As noted in the 2023 Stay Opinion, if Hamilton prevails on its claim, any judgment will be subject to pre-judgment interest.

Hamilton expresses concern that Sri Lanka will continue seeking stays indefinitely.  Any further application for a stay will be assessed on its own merits, as has been done with each of the stay applications.  In retrospect, however, the length of the stays issued to date has been appropriate.  Sri Lanka has used to time to achieve a massive and complex reorganization of its debt.

Hamilton seeks assurance from Sri Lanka "that it will not use any restructuring to challenge Plaintiff's right to recover the full amount owed on Plaintiff's Bonds."  The Court will not condition Sri Lanka's request for a stay on it providing such assurance.

## Conclusion

Sri Lanka's July 30, 2024 motion is granted.  This action is stayed through November 30, 2024.

Dated:    New York, New York
          November 15, 2024

_____
DENISE COTE
United States District Judge