**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAMILTON RESERVE BANK LTD., <br><br> Plaintiff, <br><br> - v. - <br><br> THE DEMOCRATIC SOCIALIST REPUBLIC OF SRI LANKA, <br><br> Defendant. | No. 1:22-cv-5199 (DLC) |

**PLAINTIFF'S PARTIAL OPPOSITION**
**TO DEFENDANT'S FOURTH MOTION FOR A STAY**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.    NO STAY IS WARRANTED AFTER THE DEBT EXCHANGE DEADLINE .................. 2

II.    SRI LANKA'S DEBT EXCHANGE WILL NOT IMPACT THIS CASE ........................... 3

CONCLUSION ................................................................................................................................ 4

Plaintiff Hamilton Reserve Bank Ltd., by and through its undersigned counsel, partially opposes Defendant Sri Lanka's motion for a further 45-day stay until January 10, 2025 (ECF 125).[1]

## PRELIMINARY STATEMENT

Plaintiff recognizes Sri Lanka's progress toward a voluntary debt restructuring. However, the deadline to participate in Sri Lanka's debt exchange is tomorrow (December 12, 2024). Given tomorrow's deadline for all bondholders to join the exchange, this action cannot pose any threat to a restructuring, and there is no reason to stay this action for nearly a month thereafter.

Specifically, Sri Lanka has launched a voluntary debt exchange of its International Sovereign Bonds ("ISBs") and set an "Expiration Deadline" of December 12, 2024 at 5:00 p.m. ET for bondholders to participate (ECF 126-4 at 7 of 12). Sri Lanka argues that a stay is necessary because bondholders are now "actively considering in real-time whether to participate in the restructuring," such that a judgment for Plaintiff "could disrupt the exchange and deter participation" (ECF 127 at 5 of 17).

But that rationale cannot apply after the December 12 Expiration Deadline. After tomorrow, this litigation cannot "disrupt" or "deter" any bondholders' participation, since all bondholders will have already acted by voting in the proxy solicitations. Indeed, Sri Lanka will announce the exchange results next Monday, December 16, 2024 (ECF 126-4 at 7 of 12).

Thus, Sri Lanka's motion should be denied to the extent it seeks to stay this action after the deadline to participate in the debt exchange. To ensure the Court has the relevant facts, Sri Lanka should report the exchange's completion and results with its December 16, 2024 reply.

---

[1] Capitalized terms not defined herein have the meanings specified in the Amended Complaint (ECF 23). Emphasis is added, and internal citations and quotation marks are omitted, unless otherwise stated.

**ARGUMENT**

"The person seeking a stay bears the burden of establishing its need." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). "The party moving for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 482 (S.D.N.Y. 2007) (denying stay). Courts often consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil li[ti]gation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Jiminez v. Credit One Bank*, 377 F. Supp. 3d 324, 336 (S.D.N.Y. 2019) (denying stay and granting summary judgment for plaintiff).

**I.    NO STAY IS WARRANTED AFTER THE DEBT EXCHANGE DEADLINE**

Sri Lanka seeks a further 45-day stay (until January 10, 2025) to get "across the finish line" of its restructuring. (ECF 127 at 4 of 17.) As before, Sri Lanka's rationale remains that a further stay is necessary to ensure the voluntary restructuring is completed without discouraging other bondholders' participation. (*Id.* at 5 of 17.) That rationale does not apply after the December 12, 2024 deadline, at which point all bondholders will have already voted via the proxy solicitations.

Indeed, Sri Lanka offers no real explanation for why any stay is necessary after December 12. The fact that certain mechanical steps to complete the restructuring will occur after December 12 does not warrant a further stay.[2] And while Sri Lanka vaguely states in a footnote

---

[2] Those purely ministerial steps include (i) Sri Lanka's announcement of the exchange results on December 16, 2024, (ii) the issuance of new ISBs to participating bondholders between December 20, 2024 and December 31, 2024 (the "Settlement Deadline"), and (iii) payments in

that the "requested 45-day stay is meant to account for . . . *potential* administrative delays" and a *possible* future extension of the deadline to January 15, 2025 (ECF 127 at 11 of 17, n.7 (emphasis added)), there is no reason to preemptively stay this action for an extra month based on hypothetical delays and extensions that have not happened. Since the Expiration Deadline is tomorrow, there is no need to speculate: Sri Lanka should report the exchange's completion and results with its December 16, 2024 reply.

Thus, any stay should end by the December 12 Expiration Deadline. This limited duration appropriately recognizes Plaintiff's interest "in proceeding expeditiously," the prior stays Sri Lanka has obtained, and the absence of any prejudice from ending the stay after all bondholders have decided whether to participate in the exchange. *Jiminez*, 377 F. Supp. 3d at 336.

## II.    SRI LANKA'S DEBT EXCHANGE WILL NOT IMPACT THIS CASE

Finally, Sri Lanka's motion confirms that its voluntary debt exchange with other bondholders will not affect Plaintiff's claims or the terms of the 2022 Bonds at issue, underscoring why this case should proceed promptly to resolution.

<u>First</u>, Sri Lanka has confirmed that its proposal for the 2022 Bonds "involves solely a voluntary exchange," such that bondholders "who do not choose to participate will keep their existing bonds." (ECF 127 at 10-11 of 17; *see also* ECF 126-4 at 1, 6.) Plaintiff has confirmed to Sri Lanka and the exchange agent that it will not participate in the exchange.

<u>Second</u>, Sri Lanka cannot restructure the 2022 Bonds without Plaintiff's consent.[3] Sri Lanka has confirmed that it does not seek to amend the terms of the 2022 Bonds at issue, stating

---

connection with the new bonds to commence before year-end. (*See* ECF 126-4 at 7 of 12.) This litigation will not affect any of these steps.

[3] As previously explained, no amendments are permitted because Plaintiff holds a blocking position of $250.49 million in principal amount of the 2022 Bonds (*see* ECF 61; ECF 23 ¶1), more than 25% of the series. (*See* ECF 113 at 8 of 10.)

3

that its proposal "does not contemplate amendments to the terms of the Indenture governing the 2022 Bonds." (ECF 127 at 11 of 17.) Thus, the restructuring will have no impact on Plaintiff's 2022 Bonds, which remain enforceable for the full amount of principal and interest owed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Sri Lanka's motion to the extent it seeks a stay after the December 12, 2024 Expiration Deadline.

Dated:  New York, New York
December 11, 2024

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Javier Bleichmar*
Javier Bleichmar
Evan A. Kubota
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com
ekubota@bfalaw.com

**JENNER & BLOCK LLP**
Lee Wolosky
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
lwolosky@jenner.com

**CATAFAGO FINI LLP**
Tom M. Fini
One Grand Central Place, 47th Floor
New York, NY 10165
Telephone: (212) 239-9669
tom@catafagofini.com

*Counsel for Plaintiff*

4