**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAMILTON RESERVE BANK LTD., <br><br>       Plaintiff, <br><br>    v. <br><br> THE DEMOCRATIC SOCIALIST REPUBLIC OF SRI LANKA, <br><br>       Defendant. | No. 22 Civ. 5199 (DLC) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR A FURTHER STAY OF PROCEEDINGS**

Robert G. Houck
John P. Alexander
Benjamin A. Berringer
CLIFFORD CHANCE US LLP
Two Manhattan West
375 9th Avenue
New York, New York 10001

*Attorneys for Defendant*
*The Democratic Socialist Republic*
*of Sri Lanka*

Dated: December 16, 2024

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ..............................................................................................................................1

    I.       The Court Should Grant the Requested Stay of Proceedings. .................................1

CONCLUSION............................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

Cases

*NML Cap., Ltd. v. Republic of Argentina,*
    727 F.3d 230, 247 (2d Cir. 2013)................................................................................................ 3

*NML Cap., Ltd. v. Republic of Argentina*,
    699 F.3d 246, 253 (2d Cir. 2012)................................................................................................ 3

Defendant The Democratic Socialist Republic of Sri Lanka ("Sri Lanka") submits this Reply Memorandum of Law in support of its Motion for a Further Stay of Proceedings.

## PRELIMINARY STATEMENT

Sri Lanka is very happy to report that, based on indicative results, the Exchange Offer and Consent Solicitation has received overwhelmingly strong bondholder participation.[1] For the 2022 Bonds, holders of 73% of the outstanding principal amount have agreed to the exchange. This accounts for nearly all of the outstanding principal amount of the 2022 Bonds except for the roughly 25% that HRB claims to own. As to Sri Lanka's various other international sovereign bond series, holders of more than 95% of the outstanding principal amount have provided favorable instructions. These positive results have been made possible by the Court's continued stays of proceedings over the past year.

Now, a successful conclusion to Sri Lanka's sovereign debt restructuring process is only a few weeks away. Achieving this result will go a long way toward restoring sovereign debt sustainability and thus deliver on a key commitment to the IMF in connection with Sri Lanka's IMF-supported program. But some further steps are necessary to finalize matters, and Sri Lanka therefore maintains its request for a stay of proceedings. Sri Lanka proposes to provide the Court with an update on January 6, 2024, by which time we expect to be able to confirm the successful conclusion of the process.

## ARGUMENT

## I.    The Court Should Grant the Requested Stay of Proceedings.

As discussed in more detail in our moving papers, Sri Lanka has used the time afforded to

---

[1] Capitalized terms used herein and not otherwise defined have the meaning given them in Sri Lanka's opening brief (Doc. 127). Additional reference is made to the Supplemental Declaration of John P. Alexander dated December 16, 2024 ("Alexander Supp. Decl.").

it by the past stays of proceedings to "achieve a massive and complex reorganization of its debt." (Nov. 2024 Opinion at 6.)  Even HRB now concedes this.  (*See* Doc. 129, at 1 ("Plaintiff recognizes Sri Lanka's progress toward a voluntary debt restructuring.").)

On November 25, 2024, Sri Lanka launched the current Exchange Offer and Consent Solicitation, the terms of which are described in more detail in an Invitation Memorandum.  As stated in contemporaneous press releases, Sri Lanka and the international community have strongly supported the exchange.  (*See* Doc. 127, at 8-9.)  For instance, in a November 26, 2024 press release, the IMF noted that "rapid completion of the debt operation with high creditor participation would be vital for the success of the program."  (Doc. 126-7.)  The Steering Committee of the Ad Hoc Group of Sri Lanka's Bondholders, as well as the Local Consortium of Sri Lanka, similarly recognized the importance of the exchange process.  (Docs. 126-5, 126-6.)

In the weeks that followed, participating bondholders provided their instructions and/or agreed to exchange their bonds.  That process concluded on December 12, 2024.  As announced last week, the indicative results are overwhelmingly positive.  (*See* Alexander Supp. Decl. Exs. 1, 2.)  More formal results are expected to be announced over the next day.

With respect to the 2022 Bonds, holders representing 73% of the outstanding principal amount have agreed to the exchange.  (*Id.* Ex. 1.)  In other words, apart from the 25% that HRB claims to own, holders of more than 96% of the outstanding principal amount are participating in the exchange.

As to Sri Lanka's other series of bonds (which HRB does not claim to own), holders representing 96-99% of the outstanding principal amount in each respective series have provided favorable instructions.  (*Id.*)  Thus, pursuant to the collective action clauses in the relevant indentures (and as described in more detail in the Invitation Memorandum), 100% of the

outstanding principal amount of these other bond series will be restructured.[2]

Following the announcement, Sri Lanka's President and Minister of Finance, Planning and Economic Development, Hon. Anura Kumara Dissanayake explained:

> The past few years have been very challenging for the Sri Lankan population, but all of our collective efforts are now paying off.  The implementation of this debt exchange, which is the result of two years of intense negotiations, will deliver substantial debt relief for Sir Lanka, freeing up resources in the short and medium term to finance our development and social agenda, while restoring the long term sustainability of our public finances.

(*Id.* Ex. 2.)  He also expressed the nation's gratitude to "all stakeholders who supported us through this complex process, including our official sector and commercial creditors, the co-chairs and secretariat of the Official Creditor Committee, the International Monetary Fund, and others with whom Sri Lanka worked in good faith to enable this positive outcome."  (*Id.*)

However, some additional steps are necessary to complete the process.  For instance, the transaction is expected to settle on "December 20, 2024, or as soon as practicable thereafter, but not later than the Settlement Deadline."  (Doc. 126-4, at 7.)  Eligible bondholders will receive certain consideration in the form of exchange fee bonds, and the expected maturity date of those bonds is "December 27, 2024 (but not less than 7 calendar days after the Settlement Date), or as soon as practicable thereafter."  (*Id.*)  The Settlement Deadline is "December 31, 2024; *provided that* the Republic shall have the right to extend the Settlement Deadline to January 15, 2025."  (*Id.*)

Sri Lanka and its advisors are working diligently to finalize these matters on the above

---

[2]     As the Second Circuit has explained, collective action clauses "permit a super-majority of bondholders to impose a restructuring on potential holdouts."  *NML Cap., Ltd. v. Republic of Argentina*, 727 F.3d 230, 247 (2d Cir. 2013); *see also NML Cap., Ltd. v. Republic of Argentina*, 699 F.3d 246, 253 (2d Cir. 2012) ("An important new feature of the Exchange Bonds was that they included 'collective action' clauses.  These clauses permit Argentina to amend the terms of the bonds and to bind dissenting bondholders if a sufficient number of bondholders (66 2/3% to 75% of the aggregate principal amount of a given series) agree.  With the inclusion of collective action clauses, the type of 'holdout' litigation at issue here is not likely to reoccur."  (footnote omitted)).

timetable.  But we recognize the potential for administrative delay, particularly at year-end.  Sri Lanka therefore proposes to provide an update on January 6, 2024, by which time we expect to be able to confirm that the process has reached a successful conclusion.

The requested stay will facilitate the completion of that process.  By contrast, an immediate resumption of proceedings risks disruption and distraction at this final stage.  Although HRB references a general interest in expedition, it identifies no particular prejudice from a stay over the next few weeks.  And as the Court has noted, any prejudice from delay can be remedied by prejudgment interest in the event HRB ultimately prevails.  (Nov. 2024 Opinion at 6.)  Therefore, in the circumstances, and for the reasons previously explained, we respectfully submit that a continued stay of proceedings is appropriate.

We remain ready to provide the Court with any further information that may be useful.

## CONCLUSION

For the reasons set forth above, Sri Lanka's Motion for a Further Stay of Proceedings should be granted.

Dated:  December 16, 2024               Respectfully submitted,
      New York, New York

                                    */s/Robert G. Houck*

                                    Robert G. Houck
                                    John P. Alexander
                                    Benjamin A. Berringer
                                    CLIFFORD CHANCE US LLP
                                    Two Manhattan West
                                    375 9th Avenue
                                    New York, New York 10001
                                    212-878-8000
                                    robert.houck@cliffordchance.com

                                    *Attorneys for The Democratic Socialist Republic of Sri Lanka*