**BY ECF**

Hon. Denise Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

Re:    *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*,
       No. 1:22-cv-05199-DLC (S.D.N.Y.)

Dear Judge Cote:

Plaintiff Hamilton Reserve Bank Ltd. ("Plaintiff") and Defendant the Democratic Socialist Republic of Sri Lanka ("Sri Lanka") (together, the "Parties") respectfully submit this joint status letter in response to the Court's January 14, 2025 Order (ECF 134).

After conferring, the Parties disagree on whether additional briefing is warranted with respect to Plaintiff's summary judgment motion, which Plaintiff renewed by letter application on January 17, 2025. Plaintiff's and Defendant's positions are set forth below.

I.    **Plaintiff's Position**

At every turn, Sri Lanka has tried to inject "new" issues to delay the entry of judgment, including an untimely Rule 56(d) request for additional discovery (after waiting until the last day of discovery to raise any issues with the Court) and serving an untimely "expert" report in violation of Rule 37. These tactics must end.

Plaintiff's summary judgment motion was fully submitted on July 31, 2023 and no further briefing is warranted. Pursuant to the Court's Order (ECF 78), Plaintiff renewed its motion based on the exact papers previously filed. Given the passage of time, Plaintiff will also submit a supplemental declaration by January 30 confirming Plaintiff's continued ownership of the Bonds. The Court can rule on that record.

When the parties conferred on January 16, however, Sri Lanka suddenly announced that it wanted additional briefing in what amounts to a sur-reply. Sri Lanka's belated request for a sur-reply—made nearly 18 months after Plaintiff filed its reply papers—is unnecessary and would only cause additional delay. "Allowing parties to submit sur-replies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." *Kapiti v. Kelly*, No. 07-CV-3782 (RMB) (KNF), 2008 WL 754686, at *1, n.1 (S.D.N.Y. Mar. 12, 2008) (cleaned up); *see also United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) (sur-reply papers "should be viewed as the exception and not the rule").

Here, Sri Lanka has already had ample opportunity to respond to Plaintiff's summary judgment motion, filing a 25-page brief (ECF 56), a purported expert report (ECF 57) and 26 exhibits amounting to over 400 pages (ECF 59-1 through 29). Summary judgment briefing

closed on July 31, 2023, and Sri Lanka did not seek leave to file a sur-reply at that time.

Sri Lanka also has not identified any legitimately new issue that a sur-reply would address. When the parties conferred last week, the sole issue Sri Lanka identified is whether its purported "expert" declaration (from Avinash Persaud) may be considered. This issue does not warrant a sur-reply because Sri Lanka first offered Mr. Persaud's declaration with its opposition papers after failing to serve a timely expert report during discovery. On reply, Plaintiff properly argued that Rule 37 preclusion applies, and in all events, Mr. Persaud's newly disclosed opinions are speculative and wrong (ECF 60 at 10-12 of 16). Where, as here, "the reply papers merely respond to points raised in opposition to the underlying motion, fairness does not ordinarily demand further briefing." *Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, No. 19-CV-1290, 2022 WL 2286951, at *7 (S.D.N.Y. June 23, 2022).

Finally, earlier today, Sri Lanka identified two irrelevant items of purported "new evidence": a 2023 article and an unrelated case dismissed with prejudice on July 25, 2024 (only 17 days after it was filed). Neither item warrants a sur-reply, since Sri Lanka admittedly intends to use them to advance the same arguments about "ownership" that have already been extensively briefed. Indeed, Sri Lanka already cited the article to the Court in its prior stay filings (ECF 108 at 8 of 21).

In all events, Sri Lanka's request for a 7-page letter due January 31 is excessive, and if the Court permits further submissions, Plaintiff should be allowed to respond.

## II.    Defendant's Position

Sri Lanka respectfully submits that the schedule should allow for a short response to HRB's renewal of its summary judgment motion. In particular, Sri Lanka proposes to submit a letter of no more than 7 pages (not counting exhibits) by January 31, 2025 (14 days from HRB's renewal of its motion), which would address the following.

*First*, because HRB argued for excluding the declaration of Avinash Persaud and related exhibits in its reply and without separate motion, Sri Lanka has not had the opportunity to explain why these materials are appropriately considered. Among other reasons, they are offered to show why additional discovery is necessary under Rule 56(d) of the Federal Rules.

*Second*, after the completion of briefing, and while these proceedings were stayed (and/or while motions to stay were pending), new evidence came to light regarding HRB's purported beneficial ownership of the Bonds. This includes a September 2023 Financial Times article titled "The mysterious 'global financier' suing Sri Lanka" (*available at* https://www.ft.com/content/663cc8e6-e2ad-4f25-b473-ea2f33c6b4f6), as well as filings in a July 2024 lawsuit against HRB, *see Grand Fame Co. Ltd. et al. v. Hamilton Reserve Bank, Ltd.*, No. 653437/2024 (Sup. Ct. N.Y. Cnty.). This previously unavailable evidence suggests, among other things, that the Bonds may be held on behalf of Benjamim Wey and/or HRB's corporate parent, Fintech, and underscores the need for additional discovery on these matters.

We are happy to provide further detail about these issues, but are mindful that the Court requested a proposed schedule and not argument. Sri Lanka has no objection to HRB submitting a further response to Sri Lanka's proposed letter.

Dated: January 21, 2025

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

By: _/s/ Javier Bleichmar_

    Javier Bleichmar
    Evan A. Kubota
300 Park Avenue, Suite 1301
New York, NY  10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com
ekubota@bfalaw.com

**JENNER & BLOCK LLP**
Lee Wolosky
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
lwolosky@jenner.com

*Counsel for Plaintiff*

**CLIFFORD CHANCE US LLP**

By: _/s/ Robert G. Houck_

    Robert G. Houck
    John P. Alexander
    Benjamin A. Berringer
Two Manhattan West
375 9th Avenue
New York, NY 10001
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Robert.Houck@cliffordchance.com
John.Alexander@cliffordchance.com
Benjamin.Berringer@cliffordchance.com

*Counsel for Defendant*