**C L I F F O R D**

**C H A N C E**

**CLIFFORD CHANCE US LLP**

TWO MANHATTAN WEST
375 9TH AVENUE
NEW YORK, NY 10001

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

**By ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Direct Dial: +1 212 878 3224
E-mail: robert.houck@cliffordchance.com

July 1, 2025

Re:   *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka,*
      *No. 22 Civ. 5199 (DLC)*

Your Honor:

We write pursuant to the Court's Order of June 10, 2025, and Section 2(C) of the Court's Individual Practices.  Sri Lanka served additional discovery requests on June 24 (*see* Exs. 1-5), and met and conferred with Plaintiff HRB's counsel on June 27.  Subsequently, HRB indicated that, although it will provide some information as a "compromise," it will not provide meaningful discovery on several key issues in this case.  Sri Lanka respectfully seeks Court intervention.

As previously detailed, it is highly unlikely that HRB purchased $250 million worth of the Bonds for its own account.  If HRB is acting on behalf of others, then HRB is not the beneficial owner and lacks standing to sue.  HRB's failure to provide documents that should exist (ECF No. 147, at 5-7), and the limited information it did provide, confirms that something very strange is going on. For example, ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ The supplemental Avinash Persaud Declaration (Ex. 6) and Juan Migone Declaration (Ex. 7) discuss these matters in more detail.

In short, there is manifestly good cause for the requested discovery concerning, *e.g.*, HRB's investment decision and decisionmakers, relationship with depositors, and accounting for the Bonds.  HRB has objected to the scope of Sri Lanka's requests focused on these specific issues. But the requests (as to documents, written discovery, and depositions) are entirely proper and proportionate to the needs of the case, especially given the importance of the issue and the more than $250 million in damages sought.  Moreover, the discovery is made necessary in part by HRB's own failure to comply with earlier, narrower requests.  While HRB has now offered to provide *some* discovery, it has still refused to provide full discovery on these key issues.  Below we briefly summarize our position on what appear to be the main disputes.

**C L I F F O R D**                                                    CLIFFORD CHANCE US LLP

**C H A N C E**

**HRB's Communications**.  In part because standard board materials are missing ███████ ████████████████████████, it is necessary to assess HRB's claimed investment decision and ownership interest by considering less formal communications.  This means not just its employees' documents, but those of all its decisionmakers, including directors and advisors (like Benjamin Wey).  To do this, we must understand who HRB's decisionmakers actually are.

**Customer Deposit Information.**  The nature of HRB's relationship with its depositors is central to whether it is the Bonds' beneficial owner.  HRB has conclusory asserted that it cannot produce this information because of supposed Nevis banking law.  But even if HRB showed a conflict, "the operation of foreign law does not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that law." *Linde v. Arab Bank, PLC*, 706 F.3d 92, 109 (2d Cir. 2013) (internal quotation marks and alterations omitted).  Balancing the competing interests overwhelmingly favors disclosure here.  *First*, the information is critically important, especially given HRB's implausible claims not to have board materials about the investment.  *Second*, HRB chose to sue in this forum and should not be allowed to hide behind foreign bank secrecy laws.  *Third*, the protective order in this case (ECF No. 38) mitigates any purported confidentiality concerns.  *Fourth*, given the public importance of this dispute—*i.e.*, a Nevis bank seeking to thwart the internationally and U.S.-supported restructuring of a foreign state's sovereign debt—any Nevis interest in bank secrecy should give way to the requirements of U.S. discovery.  *See, e.g., Schansman v. Sberbank of Russia PJSC*, 768 F. Supp. 3d 619, 641 (S.D.N.Y. 2025) ("[T]he United States has a substantial interest in fully and fairly adjudicating matters before its courts." (internal quotation marks omitted)).

**Benjamin Wey's Role at HRB**.  It has become increasingly clear that one—if not **the**—key decisionmaker at HRB is Benjamin Wey, whose past brushes with the law include allegations that he fraudulently concealed his own beneficial ownership and control of companies through an array of nominees (including family members).  *See Puddu v. 6D Global Tech. Inc.*, 2021 WL 1198566, at *1-3 (S.D.N.Y. Mar. 30, 2021) (summarizing criminal and civil actions).  Now, he is an HRB "senior advisor" and Vice-Chairman of Fintech Holdings Group (apparently HRB's indirect parent).  His nephew (alleged to be one of the above nominees, and whose name was a government-proposed search term, *see* ECF No. 65, at 10 n.17) is a director of Fintech Holdings (HRB's direct parent) ███████.  Prior to this suit, Mr. Wey emailed creditors a presentation about joining forces, stating "we need to limit public exposure of HRB as a private bank" (*see* ECF No. 140-1, though HRB claims not to have these documents).  Plainly, Mr. Wey is an HRB managing agent and likely to have relevant information.  *See Royal Park Invs. v. Deutsche Bank Nat'l Tr.*, 2016 WL 5408171, at *6-7 (S.D.N.Y. Sept. 27, 2016) (discussing "practical ability" test as to corporate officers/directors); *Schindler Elevator Corp. v. Otis Elevator Co.*, 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007) (noting that a party's "managing agent" is subject to deposition by notice; the test is "not formulaic" and "is answered pragmatically and on a fact-specific basis").  It is also telling that HRB disputes this point while resisting any discovery into Mr. Wey's role.  And given his history, we are concerned about what efforts he might take to avoid discovery.  *See Puddu*, No. 15 Civ. 8061, ECF No. 379 (sanctions motion detailing Mr. Wey's discovery misconduct).

Respectfully submitted,

*s/ Robert G. Houck*

- 2 -