# C L I F F O R D
# C H A N C E

**CLIFFORD CHANCE US LLP**

TWO MANHATTAN WEST
375 9TH AVENUE
NEW YORK, NY 10001

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

**By ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Direct Dial: +1 212 878 3224
E-mail: robert.houck@cliffordchance.com

July 2, 2025

**Re:    *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*,
No. 22 Civ. 5199 (DLC)**

Your Honor:

We write in response to the Plaintiff Hamilton Reserve Bank's July 2, 2025 letter.

Plaintiff's letter purports to respond to several points made by Sri Lanka in its July 1, 2025 letter. This comes as a surprise. Plaintiff filed a letter yesterday and the parties had agreed to submit only one letter each to conserve judicial resources. In any event, we will not repeat our arguments here, except to note that Plaintiff continues to mischaracterize Sri Lanka's position. Sri Lanka does not contend that Plaintiff's claimed investment in the Bonds is risky, but rather that it is so risky as to make Plaintiff's claimed beneficial ownership wholly implausible. Likewise, Sri Lanka has not provided accounting "critiques" for their own sake, but to explain the unreliability of Plaintiff's financial statements as relevant to this case.

Plaintiff also raises two new issues, which we address briefly below.

*First*, Plaintiff complains about Sri Lanka's submission of expert declarations from Avinash Persaud and Juan Migone, asking that they be stricken. However, these declarations are entirely proper in this context, and in any event, Sri Lanka has previously made clear that it sought to designate experts for potential use at trial. Plaintiff also requests permission to depose Messrs. Persaud and Migone. We have no objection to that request, and we are willing to discuss a schedule for doing so with Plaintiff. We would have told Plaintiff this, had they sought to meet and confer on this matter before writing to the Court.

*Second*, Plaintiff requests that the Court order Sri Lanka to provide documents in response to Plaintiff's May 15, 2023 Request for Production. This request is untimely and clearly a thinly disguised effort to retaliate against Sri Lanka for its discovery requests. Plaintiff has had Sri Lanka's position on these requests since June 14, 2023. If Plaintiff had concerns, it could have met and conferred and sought relief from the Court during the discovery period (as Sri Lanka did with its own requests). Plaintiff did not do so. Nor did it raise any purported issue in the past two years. Further, Plaintiff offers no explanation of why discovery from Sri Lanka as to Plaintiff's purported beneficial ownership of the Bonds is necessary, much less good cause for its delay.

Respectfully submitted,

*s/ Robert G. Houck*