UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMILTON RESERVE BANK LTD., <br><br> Plaintiff, <br><br> - v. - <br><br> THE DEMOCRATIC SOCIALIST REPUBLIC OF SRI LANKA, <br><br> Defendant. | Civil Action No. 1:22-cv-05199-DLC |

**JOINT UPDATE**

Plaintiff Hamilton Reserve Bank Ltd. ("HRB"), with permission from Defendant the Democratic Socialist Republic of Sri Lanka ("Sri Lanka"), hereby submits this joint update.

Below, HRB and Sri Lanka provide brief, separate statements updating the Court regarding ongoing discovery. The parties respectfully propose to provide a further joint update no later than January 30, 2026.

**I.      HRB's Statement**

In July 2025, the Court ordered "limited additional discovery" on the single issue of HRB's ownership of the bonds at issue in this litigation on which Sri Lanka has defaulted and remains in default. ECF No. 143. Since then, the parties have negotiated over an ESI search protocol and have engaged in intermittent discussions about the possible resolution of this case. Sri Lanka has insisted on search protocol parameters that HRB considers unreasonable and unduly burdensome, but to which HRB nonetheless has substantially agreed. HRB proposed a final search protocol on December 1st, and is moving forward with searching, reviewing, and producing documents pursuant to that protocol. HRB made a document production today, and expects to substantially complete document production in the next two weeks. HRB is also considering options for how

to produce depositor information without violating Nevis law and has advised Sri Lanka that it will abide by any applicable court orders.

Once document discovery is complete, HRB's position is that the Court should resolve HRB's motion for summary judgment, which has been pending since July 31, 2023. HRB expects that, with the exception of depositions, discovery will be complete on or before January 9, 2026, before the parties provide their next update. HRB will work with Sri Lanka on proposing a joint schedule for any necessary supplemental briefing. If Sri Lanka does not agree to a reasonable schedule, HRB will ask this Court to impose one.

**II.     Sri Lanka's Statement**

Following the July 10, 2025 conference with the Court, HRB served responses and objections to Sri Lanka's document requests on July 30, 2025. But HRB did not produce a single document until this morning (when it produced approximately 17 documents). Over the coming weeks, Sri Lanka will be diligently reviewing this production and the subsequent productions HRB says it will make. Sri Lanka will continue to confer with HRB regarding scheduling and will work in good faith to narrow any disputes. However, we wish to make clear that the parties still disagree on several issues.

*First*, HRB refuses to produce customer deposit information based on purported concerns about Nevis confidentiality law. In its July 30 responses, HRB expressly agreed to produce the requested information, but yesterday proposed for the first time producing with personal identifying information redacted. This is unworkable, as it would prevent a meaningful analysis of *who* beneficially owns the Bonds. To the extent HRB maintains this position, Court intervention may be necessary.

*Second*, the parties have not agreed on a document search protocol, including as to document sources, custodians, and search terms.  Sri Lanka believes that HRB's proposed protocol is unreasonably narrow, which we expect to detail in a further submission.  However, for the sake of efficiency, and while reserving all rights, we propose to defer resolution of these issues until after our review of HRB's initial productions (so as to narrow any disputes, and/or resolve them on a fuller record).  Sri Lanka proposes to provide a status report to the Court on January 30, 2026.  We are happy to provide an update sooner if the Court prefers, but given that HRB has not yet begun meaningful document production, we submit that an update will be more informative with additional time for review.

*Third*, HRB now states that it has obtained audited financial statements for 2022-2024.  On that purported basis, HRB seeks to withdraw its prior express agreement to produce communications with its auditors.  We do not believe this is appropriate.  However, for the reasons above, we propose to review HRB's productions before raising any dispute at this time.

DATED: December 9, 2025

By: */s/ Lee Wolosky*

Lee Wolosky
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
Telephone: (212) 728-8000
lwolosky@willkie.com

*Attorney for Plaintiff Hamilton Reserve Bank*