**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

**BY ECF**

The Honorable Denise Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

Re: *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*, No. 1:22-cv-05199-DLC (S.D.N.Y.)

Dear Judge Cote,

  Pursuant to Local Civil Rule 37.2 and Rule 2(C) of Your Honor's Individual Practices, Plaintiff Hamilton Reserve Bank Ltd. (the "Bank") respectfully submits this letter motion requesting a conference and judicial intervention. Plaintiff has conferred with Defendant the Democratic Socialist Republic of Sri Lanka ("Sri Lanka") regarding the issues raised herein, but has been unable to reach a resolution.

  This lawsuit concerns Defendant Sri Lanka's undisputed default on sovereign bonds that matured on July 25, 2022 (the "Bonds"). The Bank's renewed motion for summary judgment—which has been pending since July 31, 2023—sets forth why the Bank is entitled to final judgment. In order to stave off final judgment, Sri Lanka has hypothesized that the Bank is not the beneficial owner of the Bonds, and therefore lacks standing to bring suit.

  On April 24, 2025, Your Honor permitted "limited additional discovery" on a single issue: "whether [the Bank's] internal records reflect that it is the beneficial owner of the bonds, and whether any other person or entity holds a beneficial interest." ECF 143. Since that order was issued, the Bank has been subjected to a burdensome amount of discovery from Sri Lanka. It has responded to ***over seventy five*** supplemental discovery requests propounded by Sri Lanka (16 RFPs, 17 interrogatories, and 44 RFAs). It has also agreed to a 30(b)(6) deposition as ordered by the Court.

  The Bank has worked with Sri Lanka to craft an ESI search protocol that is reasonably tailored to identify ESI responsive to Sri Lanka's additional document requests. It has agreed to search the email mailboxes of 13 Bank custodians, and to run ***over 90*** search terms across those inboxes. The vast majority of these terms are overbroad and/or not reasonably tailored. Nonetheless, the Bank has agreed to run them to avoid any further dispute. The search protocol that the Bank has agreed to is attached as **Exhibit A**. Pursuant to this protocol, the Bank has reviewed over 2,800 documents and has produced over 400 additional documents to Sri Lanka.

  The Bank's position is that the period of "limited additional discovery" ordered by Your Honor should now be closed. None of the documents offer any support for Sri Lanka's theory that the Bank does not beneficially own the Bonds. But eager to avoid judgment, Sri Lanka seeks to

persist.  In the recent joint update to the Court, Sri Lanka suggests that the protocol attached hereto as Exhibit A is somehow too "narrow," and reserves the right to seek additional ESI after its reviews the Bank's document production.  In other words, if the documents in the Bank's document productions are not to Sri Lanka's liking, and don't support its theory, it reserves the right to ask for more.[1]

Of course, it is possible to look forever for documents that don't exist.  Sri Lanka's demand that the Bank expand its search beyond the expansive protocol attached as Exhibit A is unreasonable, requiring the Court's intervention.  Below is a short summary of open discovery issues.

Communications with Auditors Unrelated To Bonds.  HRB has now produced all communications with its auditors that relate *in any way to the Bonds*.  It has also produced audited financial statements for the years 2022, 2023, and 2024.  Sri Lanka insists that the Bank must now collect, review, and produce every single communication it has had with its auditors on subjects unrelated to the Bonds.  This would impose an undue and complete unnecessary burden on the Bank.

Personal Cell Phones.  Sri Lanka requests that the Bank search its employees' personal cell phones, which do not constitute "[the Bank's] internal records" and are not in its custody or control.  *See e.g. Lalumiere v. Willow Springs Care, Inc.*, No. 1:16-cv-3133, 2017 WL 6943148, at *2 (E.D. Wash. Sept. 18, 2017) (citing cases).  Even if they were, searching employees' personal cell phones would be highly intrusive, incredibly burdensome, and completely unnecessary.

Additional Sources of ESI.  Sri Lanka has suggested that the Bank must run search terms against additional sources of ESI.  The Bank has already confirmed there is no centralized share drive related to the Bonds, and running search term against every folder of every Bank desktop or laptop is completely unreasonable and would be incredibly burdensome.

Collection From Non-Parties Benjamin Wey and Warren Raiti, Esq.  The Court ordered limited discovery of "[the Bank's] internal records" and did not authorize non-party discovery.  Neither of these custodians are Bank employees or officers, and their ESI is not in the Bank's control.

Information Re Top Depositors.  While this information is irrelevant, the Bank is agreeable to producing it to avoid further disputes.  But —as the Bank has stated previously—it is prohibited from doing so by Nevis law.  *See* Nevis' Confidential Relationships Act, Chapter 21.02 (prohibiting "any person" from disclosing "confidential information" including as to "the relationship between a bank and a customer of that bank", subject to criminal penalties); *see also* ECF No. 149; 07.10.25 Tr. at 19:12-19.  The Bank has offered an alternative proposal for producing depositor information without violating Nevis law, but Sri Lanka has rejected this proposal. Accordingly, Court intervention is necessary.  During the last conference in this matter, the Court welcomed the parties to submit briefing on this issue.  *Id.* at 19:23-20:4.  The Bank suggests that the parties brief this issue prior to the conference that the Bank hereby requests.

---

[1]   The Bank has already produced account statements and audited financial statements demonstrating that it owns the Bonds.  It is also producing communication (e.g. with its brokers) that further demonstrate its ownership.

| | |
|---|---|
| Date: January 8, 2026 | Respectfully submitted, |
| | /s/ Lee Wolosky |
| | Lee Wolosky<br>Willkie Farr & Gallagher LLP<br>787 7th Avenue<br>New York, NY 10019<br>Telephone: (212) 728-8000<br>Facsimile: (212) 728-8111<br>lwolosky@willkie.com |