# Clifford Chance

**By ECF**

The Honorable Denise L. Cote  January 21, 2026
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

**Re:** *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*, No. 22 Civ. 5199 (DLC)

Your Honor:

We write regarding outstanding discovery disputes in this matter.  As noted in our January 9 letter (ECF 176), there are still large gaps in HRB's productions.  Most significantly, there are no contemporaneous documents regarding HRB's decision to make the purported investment in the Bonds.  This may in part be explained by the fact that HRB has insisted on a narrow approach to document collection.  Sri Lanka requests a more meaningful effort, as discussed below.

**Document Sources**.  HRB should not limit its search to company email.  HRB previously informed the Court that few discussions occurred over email (July 10, 2025 Tr. 28:20-22), and indeed, HRB has only produced 43 emails pre-dating this lawsuit.  It is unlikely that such a highly risky investment would generate so little discussion.  Thus, there is reason to believe that HRB communicated by other means. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  HRB also unreasonably refuses to search the company's "cloud drive" for other relevant documents.  *See Galvan v. Rolling Lawns Inc.*, 2025 WL 618558, at *1-2 (S.D.N.Y. Feb. 26, 2025); *Gardner-Alfred v. Fed. Rsrv. Bank of N.Y.*, 2023 WL 2366916, at *4 (S.D.N.Y. Mar. 6, 2023).

**Custodians**.  HRB must search all relevant custodians.  HRB does not dispute that its current officers and directors are generally appropriate custodians (Board Chair Baldry, CEO Kaza, CFO Kenyatta, International CEO Nasr, and Director (and supposed ultimate beneficial owner) Yingmao Wei).  But HRB refuses to search anything other than their company email.  Given these individuals' continuing roles with the company (▮▮▮▮▮▮▮▮▮▮▮▮), there is every reason to believe that HRB has the practical ability to obtain their documents.  *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *6-7 (S.D.N.Y. Sept. 27, 2016).  HRB also must collect documents from the following:

- Benjamin Wey.  As previously discussed (ECF 176), HRB's responses indicate that Mr. Wey played an active role in HRB's claimed investment in the Bonds—including sitting on HRB's investment committee and ▮▮▮▮▮▮▮▮▮ (*See, e.g.*, Ex. 1 (▮▮▮▮▮▮▮▮▮▮▮▮).)  HRB insists that Mr. Wey is not technically an officer/director/employee, but the evidence of his continuing leadership role is overwhelming.  For instance, ▮▮▮▮▮▮▮▮▮▮▮▮, solicited creditors to join this lawsuit (by presentation and cover

---

**Clifford Chance US LLP**

Two Manhattan West · 375 9th Avenue · New York, NY 10001
Tel +12128788000 · Direct Dial +12128783224 · robert.houck@cliffordchance.com · cliffordchance.com

**Clifford Chance**  Clifford Chance US LLP

- email that still have not been produced), has appeared in public interviews as an HRB "senior advisor," ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is Vice-Chairman of HRB's corporate parent, and is the uncle of HRB's purported owner Yingmao Wei. Moreover, HRB has previously stated that, if necessary, it would make Mr. Wey available for a deposition "without a subpoena" (ECF 160).  All this indicates that HRB has the practical ability to obtain his documents.

- <u>Warren Raiti</u>. As HRB's attorney, HRB has control over Mr. Raiti's documents concerning the representation (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *see, e.g.*, Ex. 1).  *See Louis Vuitton v. Dooney & Bourke, Inc.*, 2006 WL 3476735, at *4 (S.D.N.Y. Nov. 30, 2006).

**Search Terms**. HRB should search for "SL" (a common Sri Lanka abbreviation that HRB uses).

**Customer Deposit Information**. HRB states that it prefers to address this matter by letter, rather than formal briefing, and so we set out our position in compressed form below.

<u>Nevis Law</u>. Even if HRB could withdraw its agreement to produce this information, its Nevis law argument fails.  HRB has the burden of showing that foreign law forbids production.  But other than a conclusory citation to the statute, it has so far provided no evidence for its position.  Also, the Nevis statute apparently allows disclosure of information with customer consent (Ch. 21.02(2), (4)), but HRB makes no representation of having sought such consent.  Nor has HRB shown that prosecution or serious punishment is remotely likely in these circumstances—*i.e.*, where disclosure is required by U.S. discovery and would be done subject to a confidentiality order.

<u>U.S. Law</u>. In any event, the Court may may require compliance with U.S. discovery requests "even though the act of production may violate [foreign] law." *Linde v. Arab Bank, PLC*, 706 F.3d 92, 109 (2d Cir. 2013).  Balancing the competing interests overwhelmingly favors disclosure.  ***First***, the information is critically important, especially given HRB's failure to produce contemporaneous analysis of the claimed investment or its funding.  Redacting customer names is not workable because their identity is relevant to determining *who* beneficially owns the Bonds.  ***Second***, Sri Lanka has narrowly tailored its request to cover only large depositors.  (July 10 Tr. 12:14-20:12.)  ***Third***, as the plaintiff in this case, HRB should not be heard to complain about U.S. law.  *See Skillz Platform Inc. v. Papaya Gaming, Ltd.*, 753 F. Supp. 3d 347, 357 (S.D.N.Y. 2024) (responding party's "status as a party to this litigation and equity counsel strongly against using Hague Convention procedures").  ***Fourth***, the protective order in this case (ECF 38) mitigates any purported confidentiality concerns.  ***Fifth***, given the amount in controversy and public importance of this dispute—*i.e.*, a Nevis bank seeking to thwart the internationally and U.S.-supported restructuring of a foreign state's sovereign debt—any Nevis interest in bank secrecy should give way to the requirements of U.S. discovery.  *See, e.g., Schansman v. Sberbank of Russia PJSC*, 768 F. Supp. 3d 619, 641 (S.D.N.Y. 2025) ("[T]he United States has a substantial interest in fully and fairly adjudicating matters before its courts." (internal quotation marks omitted)); *see also NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 364 (S.D.N.Y. 2018) (requiring discovery from non-party banks in trademark case; "China's bank secrecy laws are not a 'get out of jail free' card").

Respectfully,

s/ Robert G. Houck