# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

**BY ECF**

The Honorable Denise Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

Re: *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*, No. 1:22-cv-05199-DLC (S.D.N.Y.)

Dear Judge Cote,

Plaintiff Hamilton Reserve Bank Ltd. (the "Bank") respectfully submits this letter pursuant to Court's orders dated January 12 and 13 (ECF Nos. 179 and 182) and to request that the Court set a deadline of February 17, 2026 for any supplemental briefing Sri Lanka may wish to offer in connection with the Bank's pending motion for summary judgment. ECF No 44.

This is a straightforward breach of contract lawsuit concerning Defendant Sri Lanka's undisputed default on sovereign bonds (the "Bonds"). It was commenced on July 21, 2022, and Bank's fully briefed motion for summary judgment has been pending since July 31, 2023. Sri Lanka has offered no real defense to its breach, and has hypothesized that if the Bank is not the beneficial owner of the Bonds, then it would lack standing to bring this suit.[1] On April 24, 2025, Your Honor permitted "limited additional discovery" on a single issue: "whether [the Bank's] internal records reflect that it is the beneficial owner of the bonds, and whether any other person or entity holds a beneficial interest." ECF 143. The Bank has fully complied with that order. Over the past nine months, it has: responded to **over seventy-five** supplemental discovery requests; agreed to a 30(b)(6) deposition; agreed to an ESI Protocol pursuant to which the Bank has run **over 90** search terms across the inboxes of **over 13** Bank custodians (ECF 174, Exhibit A "the ESI Protocol"); reviewed **over 2,800 documents**; and produced **over 450** documents to Sri Lanka. But, because the produced documents offer not a shred of evidence in support its theory, Sri Lanka demands more and more, including expansive discovery of non-parties such as the Bank's outside lawyer, the collection and search of both party and non-party personal emails and cell phones, and the imagining of both party and non-party drives. This goes far beyond the "limited additional discovery" of the Bank's "internal records" that was permitted by the Court, and entails the type of intrusion that would not be allowed in any civil case absent exceptional circumstances.

"Other Sources" of ESI. Sri Lanka requests that the Bank search its employees' personal cell phones and personal email, which do not constitute "[the Bank's] internal records" and are not in its custody or control. *See e.g. Lalumiere v. Willow Springs Care, Inc.*, No. 1:16-cv-3133, 2017 WL 6943148, at *2 (E.D. Wash. Sept. 18, 2017) (citing cases). Even if they were, searching employees' personal phones and email would be highly intrusive, incredibly burdensome, and

---

[1] Beneficial ownerships of bonds can be established by submitting account statements and a declaration, which the Bank has already submitted. *See* ECF 45 at 12 of 16; ECF Nos. 46-48.

completely unnecessary. Sri Lanka also requests that the Bank search "other sources" including entire hard drives and shared drives. The Bank has already confirmed that there is no centralized folder related to the Bonds. And requests to image and search an entire computer or drive "are granted only under limited circumstances," such as "when there is reason to believe that a litigant has tampered with the computer or hidden relevant materials despite demand for them in the course of the lawsuit." *Uddin v. O'Brien Rest. Holding Co., LLC*, No. 16-CV-2098 (RJS), 2016 WL 11779534, at *2 (S.D.N.Y. Dec. 2, 2016). Sri Lanka has not demonstrated the unique circumstances that warrant the imagining and search of entire computers and drives.

<u>Collection From Non-Parties Benjamin Wey and Warren Raiti, Esq</u>. The Court did not authorize non-party discovery or discovery of the Bank's outside attorney, Mr. Raiti.

<u>Disclosure of Depositor Identities</u>. Sri Lanka's Request for Production No. 4 seeks information regarding the Bank's eleven depositors holding deposits of $5 million or more ("top depositors"), including the identities of those depositors. But disclosure of depositors' personally identifying information ("PII") would violate Nevis criminal law. *See* Nevis' Confidential Relationships Act, Chapter 21.02 (prohibiting "any person" from disclosing "confidential information" including as to "the relationship between a bank and a customer of that bank", subject to criminal penalties). The Bank should not be compelled to violate Nevis law and risk criminal penalty when Sri Lanka's speculative theory—that one of the Bank's top depositors beneficially owns the Bonds—can be addressed in a manner that does not violate local law. *See Lemanik, S.A. v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 608 (S.D.N.Y. 1989) ("pure conjecture" that plaintiff was not beneficial owner of securities did not warrant disclosure of customer names in violation of foreign law).

A customer's deposit of funds into a bank does not, in any event, make it the beneficial owner of securities the bank purchases using the deposited funds. *Hamilton Rsrv. Bank Ltd. v. Sri Lanka*, 134 F.4th 73, 81 n.4 (2d Cir. 2025). Thus, finding out the identities of the Bank's top depositors will not advance Sri Lanka's theory. *See Trade Development Bank v. Continental Insurance Co*., 469 F.2d 35, 40-41 (2d Cir. 1972) (affirming district court's decision not to compel plaintiff bank to disclose customer identities where customer identities were "not essential to the issue on trial," observing that "whether the account is known as X or 8044 or John Jones has nothing to do" with the factual issue defendant needed to prove). By its own description, Sri Lanka sought to find an agreement between the Bank and a top depositor that would impair the Bank's standing. But having reviewed documents yielded by running Sri Lanka's dozens of search terms, and having inspected the Bank's financial statements and its communications with its auditors, Sri Lanka has found nothing of the sort. Revealing depositor PPI in violation of local law won't change this result. The Bank has no agreements with any depositor regarding the Bonds, and if it did, such agreements would have already been produced. And the Bank has already produced all communications with depositors (with PPI redacted) regarding the Bonds, and offered to produce redacted depositor account statements. Collectively, this is more than sufficient to dispel Sri Lanka's theory.

After almost four years, it is time for this case to come to an end. So that it may finally do so, the Bank respectfully requests that the Court order the period of "limited additional discovery" — now approaching its first anniversary — closed. The Bank also requests the Court order Sri Lanka to file any supplemental summary judgment briefing by no later than February 17, 2026, with any final response from the Bank due February 20, 2026.

Date: January 21, 2026

                                                                         Respectfully submitted,

                                                                         /s/ Lee Wolosky

                                                                         Lee Wolosky
                                                                         Justin Garbacz
                                                                         Willkie Farr & Gallagher LLP
                                                                         787 7th Avenue
                                                                         New York, NY 10019
                                                                         Telephone: (212) 728-8000
                                                                         Facsimile: (212) 728-8111
                                                                         lwolosky@willkie.com
                                                                         jgarbacz@willkie.com