March 13, 2026

**BY ECF**

The Honorable Denise Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

Re: *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*, No.
1:22-cv-05199-DLC (S.D.N.Y.)

Dear Judge Cote,

Counsel for Plaintiff Hamilton Reserve Bank Ltd. (the "Bank") and Defendant the
Democratic Socialist Republic of Sri Lanka ("Sri Lanka") respectfully submit this joint status letter
requesting the Court's intervention on next steps in this case.

I.    **Plaintiff's Statement**

Plaintiff writes seeking judicial intervention regarding Sri Lanka's improper attempt to
introduce additional expert testimony—and months of further delay—in connection with the
supplemental summary judgment briefing ordered by the Court.

Plaintiff filed this case, which arises out of Sri Lanka's sovereign bond default, in 2022,
and Plaintiff's motion for summary judgment has been pending since 2023. At the last status
conference on January 23, 2026, Your Honor observed that it is time to "bring this [case] to a
close." *See* Exhibit A (2026.01.23 Tr.) at 52:17. The Court provided clear direction on how to do
that: "Let's have the production of Mr. Kenyatta's [the Bank's CFO] WhatsApp messages or other
electronic information that's stored that's relatively accessible and the defendant has asked for.
Let's take the 30(b)(6). Let's hope that that's the end of it." *Id*. at 52:9-13. The Court then directed
the parties to confer about just two things: (1) the schedule for the 30(b)(6) deposition, and (2) the
schedule for any supplemental briefing on the Bank's summary judgment motion. *Id*. at 52:14-17.
Sri Lanka's counsel represented to the Court that, while they reserved the right to ask for additional
discovery, ***they would include any such request in their supplemental briefing***. *Id*. at 52:18-21.
This clear roadmap for bringing the case to a close was memorialized in the Court's January 26,
2026 order, which provides that after the Bank produces responsive messages from Mr. Kenyatta's
phone, and certain redacted depositor documents, "the parties shall submit a joint proposed
schedule for a 30(b)(6) deposition and renewed summary judgment briefing. As noted at the
January 23 conference, ***defendant may argue in its opposition to summary judgment that
additional discovery is required***." ECF No. 190, at 2 (emphasis added).

The Bank upheld its end of the bargain, and has produced the documents it was directed to
produce. The parties have also scheduled the Bank's 30(b)(6) deposition for April 16, 2026. The
parties have been unable to agree to a supplemental briefing schedule, however, because Sri Lanka
has informed the Bank that, as part of its "briefing," it intends to belatedly submit additional expert

reports (almost three years after the original June 20, 2023 discovery deadline [ECF No. 40]), and to designate this future, heretofore undisclosed expert testimony both (i) in support of a request for additional discovery and (ii) for consideration on the merits of beneficial ownership. This brazen attempt to further prolong the resolution of this case is directly contrary to the Court's order, procedurally improper, and highly prejudicial to the Bank since, if allowed, it would introduce months of depositions, rebuttals and new affirmative expert testimony. **For at least four reasons, the Bank respectfully requests the Court clarify that, to the extent Sri Lanka believes expert discovery is necessary, it should include a request for leave to conduct expert discovery in its supplemental brief in opposition to the Bank's summary judgment motion.**

*First*, the Court's January 26, 2026 order does not permit either party to submit expert reports. Sri Lanka's counsel did not request permission to file additional expert reports at the January 23, 2026 conference. In fact, supplemental expert reports were not mentioned at all during the January 23, 2026 conference. Nor were they mentioned in either parties' January 21, 2026 letters to the Court that preceded the conference. To the contrary, at the end of the conference— after the Court had provided clear instruction for how to bring the case "to a close"—Sri Lanka's counsel represented to the Court that, to the extent it believed additional discovery was necessary, it would include a request to take that discovery in its supplemental brief. 2026.01.23 Tr. at 52:17-21. For this reason alone, Sri Lanka's proposal to submit supplemental expert reports is improper.

*Second*, allowing Sri Lanka to belatedly submit expert testimony for consideration on the merits would violate Federal Rule 26, which requires that a party timely disclose an expert it intends to use at trial. This Rule is rooted in fairness. Without timely disclosure, the other party does not have a fair opportunity to review the expert's testimony, or to designate its own affirmative expert or rebuttal expert on the same topic. When Sri Lanka submitted undisclosed expert reports after the close of discovery in the past (ECF Nos. 57, 151-52), it justified the untimeliness and unfairness of its submissions by representing to the Court that the testimony was being provided only to "help explain" why additional document discovery was warranted, pursuant to Rule 56(d). ECF No. 56, at 5 n. 3; *see also* ECF No. 139, at 2 (arguing that prior disclosure of post-discovery expert reports was "not required" because expert testimony was being offered for a "non-merits purpose."). The Court permitted not just the initial discovery that Sri Lanka sought, but additional discovery on top of that. *See* ECF No. 143 (permitting additional discovery sought by Sri Lanka); ECF No. 148 (permitting additional discovery). That discovery is now complete. The Bank has produced well over a thousand additional documents, responded to over 60 additional written discovery requests, and is preparing to sit for a 30(b)(6) deposition. If Sri Lanka still believes there is a basis for asserting that someone other than the Bank is the beneficial owner of the Bonds, it is time for Sri Lanka to make that argument to the Court, with citation to the *factual* record. If for some reason Sri Lanka believes that expert testimony is required to establish who the beneficial owner of the bonds is, it can include that argument in its supplemental brief, and the Bank can oppose it.

*Third*, allowing Sri Lanka to submit expert testimony now would be highly prejudicial to the Bank, and would significantly prolong this case, especially because Sri Lanka has indicated that it intends to designate the testimony for consideration on the merits of beneficial ownership. Sri Lanka's offer to allow the Bank to depose its experts (on their proposed *future* testimony) does not remedy the myriad problems associated with designating merits experts at this stage in the case. If Sri Lanka were allowed to submit expert reports on the merits of beneficial ownership,

the Bank would reserve the right not just to take depositions, but to designate rebuttal experts, as well as to designate its own affirmative experts on the issue of beneficial ownership. Presumably, Sri Lanka would then reserve the right to depose the Bank's affirmative expert, and to designate a rebuttal expert. The Bank, in turn, would reserve the right to depose any such rebuttal expert. This non-exhaustive list of cascading procedural consequences is precisely why the Federal Rules require timely disclosure of experts that a party intends to use at trial. Sri Lanka's proposed submission of expert testimony on the merits of beneficial ownership would open the door to months of unnecessary discovery that the Court never authorized, and that is directly contrary to the Court's framework for bringing this case to a close.

*Fourth*, Sri Lanka points to a few instances where it has, in passing, reserved the right to move the Court for permission to designate expert testimony on the merits of beneficial ownership. *But it never did so, and the Court never permitted it to.* To the contrary, the Court's January 26, 2026 order makes perfectly clear that, to the extent Sri Lanka believes expert testimony on the merits is warranted, it can seek leave to conduct expert discovery in its supplemental brief. This is also what is contemplated by Rule 56(d): under that rule, if a party wishes to oppose summary judgment on a theory that some new discovery is needed, that party has the heavy burden of explaining how such new and late discovery is warranted.

*Finally*, Sri Lanka's request to impose a self-serving briefing deadline is contrary to the Court's January 26, 2026 order (which asks the parties to submit a jointly agreed schedule) and premature, as the Bank remains willing to negotiate a schedule once the Court provides instruction on the expert issue.

## II.    Defendant's Statement

The Democratic Socialist Republic of Sri Lanka ("Sri Lanka") respectfully requests that the Court set a briefing schedule with Sri Lanka's brief due May 15. Sri Lanka also submits that HRB's objections to Sri Lanka's anticipated use of supplemental expert declarations do not require judicial intervention at this time and, in any event, HRB's objections are meritless.

### A. Supplemental Briefing Schedule.

In the January 26, 2026 Order, the Court directed that, following HRB's productions, "the parties shall submit a joint proposed schedule for a Rule 30(b)(6) deposition and renewed summary judgment briefing" (in which Sri Lanka "may argue . . . that additional discovery is required").

After HRB completed its productions, the parties agreed on a deposition date of April 16, 2026. Sri Lanka proposes to submit its brief on May 15, 2026. This will allow Sri Lanka sufficient time to complete its review and analysis of HRB's recent productions (which are larger than all HRB's prior productions combined),[1] prepare for the deposition, and then brief the critical question in this case regarding HRB's claimed beneficial ownership.

However, HRB now refuses to discuss the briefing schedule at all based on its purported concern over Sri Lanka's anticipated use of supplemental declarations from Avinash Persaud

---

[1]    Those productions indicate that HRB's investment committee communicated almost exclusively via Signal or other messaging services (making inexplicable HRB's prior refusal to search anything other than company email).

(banking expert) and Juan Migone (accounting expert). Specifically, when discussing the schedule, Sri Lanka noted that it expected to submit declarations from Mr. Persaud and Mr. Migone to supplement the opinions they previously provided in this matter (ECF 57, 152-6, 152-7). Sri Lanka asked whether HRB wanted to depose those witnesses, which Sri Lanka recognized might affect the timing of HRB's submission. HRB objected, refused to discuss the schedule any further, insisted on submitting this letter, and refused to reserve its argument for its supplemental brief.

As discussed below, HRB's objection should be rejected. In the meantime, we respectfully ask the Court to fix the deadline for Sri Lanka's brief as May 15, so that we can plan accordingly. We remain willing to confer with HRB about the schedule for its own brief.

### B. Sri Lanka's Anticipated Use of Mr. Persaud and Mr. Migone Is Proper.

HRB insists on rehashing old arguments on an expedited basis, but Sri Lanka's use of expert evidence in this matter is unsurprising. Nor should it be controversial. In July 2025, Sri Lanka submitted expert declarations from Mr. Persaud and Mr. Migone to address HRB's claimed beneficial ownership of the Bonds. At the July 10, 2025 conference, the Court noted that it found these opinions "very revealing and helpful" and that their analysis was "of assistance to the Court." (July 10, 2025 Tr. 5:22–6:2.) We respectfully submit that it is appropriate to supplement these witnesses' opinions based on newly available discovery, and that the Court may consider this evidence both in support of Sri Lanka's argument for additional discovery and on the merits.

HRB argues that the evidence is untimely because it is outside the original discovery period. But this ignores that Sri Lanka previously had no opportunity to develop the evidence because of HRB's failure to provide meaningful discovery. Since July 2023, however, Sri Lanka has made very clear that it is relying on expert evidence. And the Court has rejected HRB's efforts to preclude it. (See Apr. 24, 2025 Order, at 3 (noting that Mr. Persaud's 2023 declaration is "properly considered on this motion"); July 10, 2025 Tr. 5:22–6:2.)

This evidence is appropriately considered on Sri Lanka's argument for additional discovery because no prior disclosure was necessary or possible for this "non-merits" issue. *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 42–43 (S.D.N.Y. Mar. 26, 2014). (See ECF 139, at 2–3; April 24, 2025 Order, at 3.) As to the merits, and in any event, Sri Lanka's intention to use these experts has long been clear:

- In a June 6, 2025 status report, Sri Lanka proposed to file a motion regarding various discovery matters, including seeking "*leave to designate an expert witness (or witnesses) for potential use at trial*," including "at least Mr. Persaud as a banking regulatory expert." (ECF 147, at 7 (emphasis added).)

- Before any such motion could be filed, the Court issued the June 10, 2025 Order stating that "Sri Lanka's request to take additional discovery is granted." (ECF 148.)

- On July 2, 2025, in response to HRB's argument to strike the July 1, 2025 declarations from Mr. Persaud and Mr. Migone, Sri Lanka noted, among other things, that it had "*previously made clear that it sought to designate experts for potential use at trial*," and stated that it had no objection to HRB deposing the witnesses. (ECF 154 (emphasis added).)

- After the January 26, 2026 Order,[2] we noted by email on January 29 and February 26 that our analysis of HRB's productions would require expert consultation.

In the circumstances, even if there was some technical non-compliance with Rule 26(a)(2) (and we submit that there was not), the "drastic remedy" of preclusion is not warranted. *See Rivera v. United Parcel Serv.*, 325 F.R.D. 542, 548 (S.D.N.Y. 2018). (*See also* ECF 139 at 3 (addressing the relevant factors).) Among other things, the supplemental declarations here would assist the Court in addressing the critical issue in this case, and could not have been offered previously because HRB had not yet provided the required discovery.

HRB's claim of prejudice also rings hollow. Since July 2025, HRB had ample opportunity to depose Mr. Persaud and Mr. Migone, and/or to seek to introduce its own expert evidence. HRB's failure to do so is a problem of its own making. Nevertheless, as we have told HRB, we would not object if HRB seeks to introduce its own expert evidence and we remain willing to make Mr. Persaud and Mr. Migone available for deposition. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 60, 61 (S.D.N.Y. 2019) (allowing previously undisclosed expert evidence); *In re Amla Litig.*, 328 F.R.D. 127, 137 (S.D.N.Y. 2018) (same).

*Sri Lanka may rely on a debt and expert testimony. The parties shall confer regarding a schedule and submit their proposal(s) by 3/20/26.*

*Denise Cote*
*3/13/26*

---

[2]    HRB complains that Sri Lanka did not bring up expert-related issues at the January 23 conference. But there was no dispute on that issue at that time, as we had no idea that HRB would take the position it takes today.

Date: March 13, 2026                          Respectfully submitted,


**WILLKIE FARR & GALLAGHER LLP**           **CLIFFORD CHANCE US LLP**

/s/ Lee Wolosky_____            /s/ Robert G. Houck_____
                                           Robert G. Houck
Lee Wolosky                                John P. Alexander
Justin P. Garbacz                          Benjamin A. Berringer
Willkie Farr & Gallagher LLP               Two Manhattan West
787 7th Avenue                             375 9th Avenue
New York, NY 10019                         New York, NY 10001
Telephone: (212) 728-3098                  Telephone: (212) 878-8000
Facsimile: (212) 728-8111                  Facsimile: (212) 878-8375
lwolosky@willkie.com                       Robert.Houck@cliffordchance.com
jgarbacz@willkie.com                       John.Alexander@cliffordchance.com
                                           Benjamin.Berringer@cliffordchance.com


**CATAFAGO FINI LLP**                      *Counsel for Defendant*
Tom M. Fini
One Grand Central Place
47th Floor
New York, NY 10165
Telephone: (212) 239-9669
tom@catafagofini.com


*Counsel For Plaintiff*