**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAMILTON RESERVE BANK LTD., <br><br> Plaintiff, <br><br> - v. - <br><br> THE DEMOCRATIC SOCIALIST REPUBLIC OF SRI LANKA, <br><br> Defendant. | Civil Action No. 1:22-cv-05199-DLC <br><br> *The parties principally dispute whether briefing will conclude at the end of June or July. The defendant's proposals are adopted. / Denise Cote 3/23/26* |

**JOINT SUBMISSION RE PROPOSED SCHEDULES FOR SUPPLEMENTAL BRIEFING**

Pursuant to the Court's memo endorsement and order dated March 13, 2026 [ECF No. 195], Plaintiff Hamilton Reserve Bank Ltd. and Defendant the Democratic Socialist Republic of Sri Lanka hereby submit separate proposals for supplemental briefing on Plaintiff's pending motion for summary judgment. After having conferred, the parties have agreed on certain Guidelines and Limitations for Supplemental Briefing, which are set out below, and which the parties jointly propose to the Court. However, the parties have not reached agreement on a schedule, or page limits, and herein set out separate proposals for the Court's consideration.

**I.       Jointly Proposed Guidelines and Limitations For Supplemental Briefing**

1. Each party agrees to make available for an in-person deposition in New York, NY any expert witness who submits supplemental expert testimony, or who submits rebuttal testimony.

2. The word limits included in the Schedule do not apply to supplemental expert reports or declarations, which may be submitted to the Court concurrently with each parties' respective supplemental brief.

3. Any challenges to the admissibility of supplemental evidence, including the admissibility of supplemental expert testimony, will be included in the parties' respective supplemental briefs. In the event that Plaintiff's supplemental brief raises a challenge to the admissibility of supplemental evidence, Defendant will be entitled to submit a response that is limited to responding to Plaintiff's challenges to admissibility.

4. After supplemental briefing is complete, the parties will promptly file a joint notification with the Court, certifying that supplemental briefing is complete.

## II.    Plaintiff's Statement and Proposed Schedule

Plaintiff's proposal for a supplemental briefing schedule is outlined below. The schedule contemplates Defendant's supplemental brief being due on June 5, 2026—well over two months from the date of this filing. This is more than reasonable, given that what is being submitted to the Court is *supplemental* briefing on a single issue: beneficial ownership of the at-issue bonds. Plaintiff completed its final supplemental document production over a week ago, and submitted responses to Defendant's written discovery *last summer*. The parties have scheduled a 30(b)(6) deposition for April 16, 2026. Plaintiff's proposed schedule provides Defendant with *over seven weeks* following that deposition to submit its supplemental brief. If anything, that is overly generous.

Defendant has taken the position that it needs more time to complete expert discovery before it can submit its supplemental brief. But Defendant already has possession of Plaintiff's supplemental document production, and Plaintiff's proposal gives Defendant over seven weeks after the 30(b)(6) deposition (which is over three weeks from today) to submit its brief. There is no reason why Defendant's experts need multiple months to prepare *supplemental* reports. Moreover, while Plaintiff believes that the parties should be allowed the opportunity to depose

each other's experts, Defendant should not be waiting until those depositions are complete to draft its briefing.

Defendant's statement includes a characterization of the parties' negotiations over the past week that is wholly inaccurate and inappropriate. Plaintiff and Defendant's counsel exchanged several competing proposals, and both parties offered compromise positions, but were ultimately unable to reach agreement. Neither Plaintiff nor Defendant's counsel acted in bad faith, and neither party's counsel insisted on raising this issue to the Court. Instead, both parties sought compromise, but were unable to come to agreement before the deadline set by the Court.

- **April 10, 2026**: Deadline for parties to designate supplemental experts (if any).

- **April 16, 2026**: 30(b)(6) Deposition.

- **April 24, 2026:** Deadline for parties to exchange expert reports (if any).

- **May 12, 2026**: Deadline for parties to exchange rebuttal expert reports (if any).

- **May 29, 2026:** Deadline for taking depositions of experts (if any).

- **June 5, 2026**: Deadline for Defendant to submit supplemental brief in opposition to Plaintiff's motion for summary judgment. Defendant's brief is not to exceed 6,000 words.

- **June 19, 2026**: Deadline for Plaintiff to submit supplemental brief in support of motion for summary judgment. Plaintiff's brief is not to exceed 7,000 words.

- **June 26, 2026**: Deadline for Defendant to submit a response to any challenge that Plaintiff raises in its supplemental brief to the admissibility of Defendant's supplemental evidence, including the admissibility of supplemental expert testimony. Any such response shall not exceed 1,000 words, and shall be limited to responding only to any challenges to the admissibility of supplemental evidence. For the avoidance of doubt, if Plaintiff's

supplemental brief does not raise a challenge to the admissibility of supplemental evidence, Defendant will not be entitled to submit a response.

### III.    Defendant's Statement and Proposed Schedule

Last week, HRB insisted on having the Court again address its stale argument regarding experts. This week, HRB insists on having the Court address the minutiae of what should have been an agreed schedule.

HRB has proposed an elaborate expert discovery schedule, which includes an initial exchange of expert reports, a subsequent exchange of rebuttal expert reports, and then expert depositions. This proposal was surprising. Unlike Sri Lanka, HRB has never previously indicated any interest in designating its own experts. And HRB apparently seeks not only to introduce experts in rebuttal to Sri Lanka's experts, but entirely new affirmative experts (though it has not yet identified them or explained what topics they would cover). We do not object to HRB's proposal in principle. We have also proposed a reasonable compromise schedule, which would accommodate HRB's desire to accelerate briefing. That compromise was rejected, and HRB now has reverted to its initial (even more unreasonable) proposed schedule, thus undoing even the modest progress that had been made in the parties' discussions. HRB's proposed schedule does not allow adequate time to bring this matter to a close. For example, HRB would have Sri Lanka's experts submit their reports just one week after Mr. Kenyatta's deposition, and would have Sri Lanka submit its supplemental brief (including potentially arguments over expert admissibility) just one week after the conclusion of expert depositions. That is wholly unreasonable.

Below is Sri Lanka's proposed schedule:

- **April 10, 2026**: Deadline for parties to designate supplemental experts (if any).
- **April 16, 2026**: 30(b)(6) Deposition.
- **May 6, 2026**: Deadline for parties to exchange expert reports (if any).

- **May 22, 2026**: Deadline for parties to exchange rebuttal expert reports (if any).
- **June 12, 2026:** Deadline for taking depositions of experts (if any).
- **June 24, 2026**: Deadline for Defendant to submit supplemental brief in opposition to Plaintiff's motion for summary judgment. Defendant's brief is not to exceed 7,500 words.
- **July 15, 2026**: Deadline for Plaintiff to submit supplemental brief in support of motion for summary judgment. Plaintiff's brief is not to exceed 7,500 words.
- **July 29, 2026**: Deadline for Defendant to submit a response to any challenge that Plaintiff raises in its supplemental brief to the admissibility of Defendant's supplemental evidence, including the admissibility of supplemental expert testimony. Any such response shall not exceed 2,500 words, and shall be limited to responding only to any challenges to the admissibility of supplemental evidence. For the avoidance of doubt, if Plaintiff's supplemental brief does not raise a challenge to the admissibility of supplemental evidence, Defendant will not be entitled to submit a response.

As indicated above, Sri Lanka's proposal includes modest additions to HRB's timeline to allow the parties sufficient time to complete the expert discovery proposed by HRB and brief summary judgment. For example, we propose some additional time for our experts to analyze Mr. Kenyatta's deposition before submitting their reports. We have also consulted with our experts (Avinash Persaud and Juan Migone), and Sri Lanka's proposed schedule accommodates their availability for deposition.

We regret that the Court must get involved in this dispute. But Sri Lanka's above-proposed schedule reflects a substantial compromise to accommodate HRB's newfound interest in moving quickly (by contrast, HRB has withdrawn its compromise position). Any further reduction in the above deadlines would not give Sri Lanka sufficient time to conduct the expert discovery proposed by HRB or incorporate that evidence into our supplemental brief. And for all HRB's complaints, under Sri Lanka's proposed schedule, Sri Lanka's supplemental brief would be due on June 24, instead of June 5. In the circumstances, given HRB's own lengthy discovery delays, its new interest in conducting substantial expert discovery, and the significance of the issues at stake, Sri Lanka's proposed schedule is entirely reasonable.

Date: March 20, 2026                              Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**          **CLIFFORD CHANCE US LLP**

/s/ Lee Wolosky                           /s/ Robert G. Houck
                                          Robert G. Houck
Lee Wolosky                               John P. Alexander
Justin P. Garbacz                         Benjamin A. Berringer
Willkie Farr & Gallagher LLP              Two Manhattan West
787 7th Avenue                            375 9th Avenue
New York, NY 10019                        New York, NY 10001
Telephone: (212) 728-3098                 Telephone: (212) 878-8000
Facsimile: (212) 728-8111                 Facsimile: (212) 878-8375
lwolosky@willkie.com                      Robert.Houck@cliffordchance.com
jgarbacz@willkie.com                      John.Alexander@cliffordchance.com
                                          Benjamin.Berringer@cliffordchance.com

**CATAFAGO FINI LLP**
Tom M. Fini                               *Counsel for Defendant*
One Grand Central Place
47th Floor
New York, NY 10165
Telephone: (212) 239-9669
tom@catafagofini.com


*Counsel For Plaintiff*