**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HAMILTON RESERVE BANK LTD.,

        Plaintiff,

   v.

THE DEMOCRATIC SOCIALIST REPUBLIC OF
SRI LANKA,

        Defendant.

No. 22 Civ. 5199 (DLC)

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Robert G. Houck
John P. Alexander
Benjamin A. Berringer
CLIFFORD CHANCE US LLP
Two Manhattan West
375 9th Avenue
New York, New York 10001

*Attorneys for Defendant*
*The Democratic Socialist Republic*
*of Sri Lanka*

Dated: June 24, 2026

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................... 1

BACKGROUND ....................................................................................................... 3

    I.        ███████████████████.................................................... 3

    II.    HRB's "Safe" Business Model........................................................... 6

    III.   HRB's Purported Investment Decision. ............................................ 7

    IV.   ███████████████████.................................................... 8

    V.    Benjamin Wey's Central Role in the Investment. ........................... 9

    VI.   Relationship with Fintech Bank........................................................ 11

    VII.  ███████████████████.................................................... 11

ARGUMENT ........................................................................................................... 12

    I.        HRB Is Not Entitled to Summary Judgment..................................... 12

       A.    HRB Must Prove Beneficial Ownership. ..................................... 12

       B.    Factual Issues Preclude Summary Judgment. ............................. 13

          1.    ███████████████████..................................... 13

          2.    Mr. Kenyatta's Testimony Is Not Credible........................... 15

          3.    Missing Evidence and Implausible Explanation for Investment Decision. ............. 16

          4.    ███████████████████..................................... 18

          5.    Questions Regarding FBL.................................................... 20

          6.    Financial Statements Do Not Establish Beneficial Ownership........... 21

    II.    Additional Discovery is Necessary. ................................................ 22

CONCLUSION........................................................................................................ 24

**TABLE OF AUTHORITIES**

Page(s)

<u>Cases</u>

*360 Mortg. Grp. v. Fortress Inv. Grp.,*
2022 WL 955476 (S.D.N.Y. Mar. 30, 2022) ................................................................16, 18

*Axginc Corp. v Plaza Automall, Ltd.,*
2022 WL 2135474 (E.D.N.Y. Feb. 20, 2022) ....................................................................13

*Donoghue v. Oaktree Specialty Lending Corp.,*
2024 WL 3455292 (S.D.N.Y. June 20, 2024) ....................................................................12

*FTC v. Vyera Pharms., LLC,*
2021 WL 5300019 (S.D.N.Y. Nov. 15, 2021) ....................................................................16

*Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka,*
134 F.4th 73 (2d Cir. 2025) ...............................................................................................19

*In re Dana Corp.,*
574 F.3d 129 (2d Cir. 2009) .........................................................................................12, 15

*Jackson v. Fed. Exp.,*
766 F.3d 189 (2d Cir. 2014) ...............................................................................................12

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,*
313 F.3d 70(2d Cir. 2002) ..................................................................................................13

*Karsch v. Blink Health Ltd.,*
2019 WL 2708125 (S.D.N.Y. June 20, 2019) ....................................................................18

*Knox v. Cnty. of Putnam,*
2012 WL 4462011 (S.D.N.Y. Sept. 27, 2012) ...................................................................15

*Miller v. Wolpoff & Abramason, L.L.P.,*
321 F.3d 292 (2d Cir. 2003) ...............................................................................................22

*Rajamin v. Deutsche Bank Nat'l Trust Co.,*
757 F.3d 79 (2d Cir. 2014) .................................................................................................12

*SEC v. Biovail Corp.,*
2011 WL 13263167 (S.D.N.Y. Mar. 10, 2011) ...................................................................5

*SEC v. Wey,*
1:15-cv-07116-PKC (S.D.N.Y Sept. 10, 2015) ...................................................................4

*Shrenuj USA, LLC v. Rosenthal & Rosenthal, Inc.,*
  2014 WL 1226469 (S.D.N.Y. Mar. 25, 2014) ..................................................19-20

*Smith v. City of N.Y.,*
  2015 WL 4643125 (S.D.N.Y. Aug. 5, 2015) ........................................................ 14

*Southwestern Payroll Serv., Inc. v. Pioneer Bancorp, Inc.,*
  2025 WL 3755595 (N.D.N.Y. Aug. 25, 2025) ....................................................... 19

*Swan Brewery Co. v. U.S. Trust Co.,*
  832 F. Supp. 714 (S.D.N.Y. 1993) ....................................................................... 19

*TPZ Corp. v. Dabbs,*
  25 A.D.3d 787 (2d Dep't 2006) .......................................................................12-13

*U.S. v. Freidin,*
  849 F.2d 716 (2d Cir. 1988) ................................................................................. 21

## Rules

Fed. R. Civ. P. 37(e)(1) ........................................................................................... 23

Fed. R. Civ. P. 56(a) ............................................................................................... 12

Fed. R. Evid. 803(6) ................................................................................................ 21

Fed. R. Evid. 803(8) .................................................................................................. 5

## Other Authorities

9 N.Y.Jur.2d Banks § 263 ........................................................................................ 19

Defendant The Democratic Socialist Republic of Sri Lanka ("Sri Lanka") submits this supplemental brief opposing Plaintiff Hamilton Reserve Bank's ("HRB") summary judgment motion.[1]

## PRELIMINARY STATEMENT

HRB's claim that it bought $250 million in Sri Lanka sovereign Bonds (the "Bonds") for its own account is simply not believable.  HRB is a small, regulated bank, publicly touting its conservative approach and customer deposit safety. ████████████

████████████████████████

████████████████████████

████████████████████████

█████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

---

[1]    Reference is made to the June 24, 2026 Houck Declaration ("Houck Decl."; "Ex."), June 18, 2026 Persaud Declaration with report ("Persaud Report"), June 18, 2026 Migone Declaration with report ("Migone Report"), and June 22, 2026 Peacock Declaration ("Peacock Decl.").  The April 16, 2026 Kenyatta deposition is Exhibit 26 to the Houck Declaration (cited throughout as "Kenyatta").  Sri Lanka incorporates the foregoing into its Rule 56.1 Response (ECF 58, ¶ 4).  Sri Lanka also incorporates herein its prior opposition brief (ECF 56).

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

All this strongly suggests that HRB purchased the Bonds on behalf of some other person(s) holding the real economic interest in the Bonds. For instance, HRB (or its agents) may have agreed with one or more of HRB's "depositors" to make the investment on their behalf. ███████████

███████████████████████████████████████

██████████████████████████ In short, there is good reason to believe HRB is not the Bonds' true beneficial owner and, therefore, lacks standing to sue.

HRB complains that Sri Lanka has not identified precisely who it believes is the Bonds' beneficial owner. This is fatuous. At every turn, HRB has stonewalled discovery into that very issue. For example, we cannot assess HRB's depositor relationships because HRB refuses to provide *any* identifying information about them. HRB also has steadfastly resisted meaningful discovery into its investment decision—*i.e.*, whether HRB really decided to invest for its own account, or was instead doing so in agreement with other interest-holders. When the Court directed HRB to produce its Bond-related communications, HRB argued that searching company email would suffice ███████████████████████████████████

███████████ In response to the Court's January 26, 2026 Order, HRB produced information

from the phone of Antonio Kenyatta, its CFO and Rule 30(b)(6) witness. But among other things, that production glaringly omits *any Bond-related communications before October 2021*. This gap is significant because HRB started buying the Bonds in August 2021. Communications from that period would shed light on *how and why* HRB decided to make this investment. Their absence makes it even harder to take HRB's unlikely story at face value.

HRB also refuses to provide discovery from the individuals likeliest to have personal knowledge of the critical facts, most notably Benjamin Wey. Mr. Wey is the uncle of HRB's purported ultimate beneficial owner ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████ Without discovery from Mr. Wey, the circumstances of HRB's purported investment remain murky.

In any event, HRB is the plaintiff. It is HRB's burden to prove its standing to sue, not Sri Lanka's burden to disprove it. On this record, HRB cannot meet its burden. And it certainly has not met that burden as a matter of law on summary judgment. Moreover, even if HRB otherwise showed there were no genuine factual disputes, that would only be because HRB has failed to provide adequate discovery.

HRB's motion should be denied or deferred pending additional discovery.

## BACKGROUND

**I.** ████████████████████████

HRB's purported ultimate beneficial owner is Yingmao Wei. ████████████████

███████████████████████████████████████████████



[2] [redacted]

[3] Mr. Wey is no stranger to legal controversy. (*See* Ex. 1.) In 2015, he was charged with an alleged scheme to hide his beneficial ownership and control of various companies, sometimes using his then-minor nephew (presumably Yingmao Wei) for this purpose. *SEC v. Wey*, 1:15-cv-07116-PKC, Compl. ¶¶ 30, 60, 84-85 (S.D.N.Y Sept. 10, 2015).

[4] [redacted]

[5] *See also* Ex. 56 (East Caribbean Supreme Court noting: "[i]t is common ground that Mr. Wey acted throughout as [HRB's] representative" and "was held out by the Bank as its agent").

4



---

[8] This finding is admissible under Fed. R. Evid. 803(8). *SEC v. Biovail Corp.*, 2011 WL 13263167 at *1 n.2 (S.D.N.Y. Mar. 10, 2011).



## II.    HRB's "Safe" Business Model.

HRB presents itself as a safe bank. HRB's website states that 100% of deposits are "held in cash or government bonds to ensure deposit safety and liquidity at all times." (Ex. 77.) It purportedly adheres to "high compliance standards," seeking a "best practices approach as measured against the leading banking jurisdictions around the globe." (*Id.*)

### III.    HRB's Purported Investment Decision.

In August 2021, HRB began buying Sri Lankan bonds due in July 2022 (the "Bonds").

 At the time, the Bonds were already below-investment

grade.

HRB has produced no records of its investment decision—*e.g.*, no board minutes, written

analysis, or discussion of any kind. (Houck Decl. ¶ 65.)

7

**IV.** ██████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████ █

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████

HRB's depositor relationships are a mystery because HRB has not produced any information about them. ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

███████████████████████████████████
███████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

12 █████████████████████████████████████
██████████████

██████████████████████████████████████████████

████████████████████████████████████ ██

### V.    Benjamin Wey's Central Role in the Investment.

HRB produced no Bond-related communications before October 2021. ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████

███████████████████████████████████████████

████████████████████████████ ██████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

██ ██████████████████████████████████████

████████████████████

██ ██████████████████████████████████████

██████████████████████████

██ ██████████████████████████████████████





Mr. Wey also solicited creditor interest in joining a lawsuit against Sri Lanka. According to the *Financial Times* ("FT"), he emailed creditors a presentation on Fintech's behalf, stressing: "we need to limit public exposure of HRB as a private bank." (Ex. 1.)[17] HRB has not produced this email or quoted presentation. (Houck Decl. ¶ 10.)[18]

Mr. Wey plays a major role in litigation strategy. For example:



[17] Mr. Wey's LinkedIn page has long displayed the FT's headline ("The mysterious 'global financier' suing Sri Lanka"). (Ex. 1)

[18] ███████████████████████████████████████ RB has since stated that Mr. Wey and Mr. Raiti claim not to have either the email or presentation. (Ex. 28, at 9-10.)



- He received 21/26 communications on HRB's privilege logs.  (Exs. 83, 85, 86.)

## VI.    Relationship with Fintech Bank.

## VII.



In July 2025, HRB told the FSRC:

> Among the Bank's many thousands of satisfied customers from around the world, the number of litigations is extremely small. These actions have no impact on the Bank's normal course of business whatsoever.

(Ex. 84.)

## ARGUMENT

For summary judgment, the movant must show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts view the evidence in "the light most favorable" to the non-movant, and "'may not make credibility determinations or weigh the evidence.'" *In re Dana Corp.*, 574 F.3d 129, 152 (2d Cir. 2009). "A grant of summary judgment to a plaintiff who bears the burden of proof of material facts must be supported by a strong proffer of evidence." *Jackson v. Fed. Exp.*, 766 F.3d 189, 195 n.3 (2d Cir. 2014); *see also Donoghue v. Oaktree Specialty Lending Corp.*, 2024 WL 3455292, at *8 (S.D.N.Y. June 20, 2024).

## I. HRB Is Not Entitled to Summary Judgment.

### A. HRB Must Prove Beneficial Ownership.

As the plaintiff, HRB has the burden of proving its standing to sue. *See Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014); *TPZ Corp. v. Dabbs*, 25 A.D.3d

12

787, 789 (2d Dep't 2006). Here, HRB must prove it is the Bonds' beneficial owner—*i.e.*, that HRB holds the real economic interest in the Bonds. As the Court has explained: "[t]he central issue remaining in dispute is whether Hamilton has established that it is the beneficial owner of the bonds" because, if not, "that could lead to dismissal of this action due to Hamilton's lack of standing." (ECF 143, at 1-2; *see also* ECF 161, 8:5-7 ("[T]he bank ultimately bears the burden of showing it is the beneficial owner, and if it can't carry that burden, this case cannot go forward.").)

Significantly, that HRB *purchased* and *holds* the Bonds with one or more brokers is not dispositive. Indeed, that is not in dispute.[19] Assuming HRB's holdings give rise to a presumption of ownership, that presumption may be rebutted with evidence that the Bonds are held for another person. *See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 86 (2d Cir. 2002). When challenged with rebuttal evidence, such presumption "effectively disappears"; "'[t]o hold otherwise would be to impose the burden of proof upon the party having the negative.'" *Axginc Corp. v Plaza Automall, Ltd.*, 2022 WL 2135474, at *9-10 (E.D.N.Y. Feb. 20, 2022) (collecting cases).

### B.    Factual Issues Preclude Summary Judgment.

There are several factual bases to doubt HRB's claim, precluding summary judgment in HRB's favor.

1.    ████████████████████████

████████████████████████████████████████

████████████████

---

[19] ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████





### 2.    Mr. Kenyatta's Testimony Is Not Credible.

HRB relies chiefly on Mr. Kenyatta's conclusory testimony that ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ This testimony cannot be credited on this motion. *See Dana*, 574 F.3d

at 151-157 (circumstantial evidence and implausible testimony precluded summary judgment);

*Knox v. Cnty. of Putnam*, 2012 WL 4462011, at *5 (S.D.N.Y. Sept. 27, 2012) (motion should be

denied "even if the credibility of a critical *interested* witness is only partially undermined in a

material way").

*First*, Mr. Kenyatta is clearly an interested witness. He is HRB's CFO, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ His testimony's "self-serving nature" bears on its weight. *Dana*,

574 F.3d at 153.



*Second*, Mr. Kenyatta lacks personal knowledge in significant areas. ███████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████  His testimony on such subjects is therefore inadmissible.  His status as a Rule 30(b)(6) witness does not change this. *See FTC v. Vyera Pharms., LLC*, 2021 WL 5300019, at *1-2 (S.D.N.Y. Nov. 15, 2021) ("[A]lthough a witness has testified as the representative of the corporation during a Rule 30(b)(6) deposition, the testimony is not admissible at trial without a 'showing that the witness had personal knowledge of the matters discussed in the deposition.'").

*Third*, Mr. Kenyatta's testimony is particularly implausible in several key areas, ███████

███████████████████████████████████████████████████

### 3. Missing Evidence and Implausible Explanation for Investment Decision.

HRB's failure to produce documents concerning its investment decision, combined with Mr. Kenyatta's implausible testimony, weigh against summary judgment.  *See 360 Mortg. Grp. v. Fortress Inv. Grp.*, 2022 WL 955476, at *3, *6 (S.D.N.Y. Mar. 30, 2022) (denying motion where "significant gaps in the record and circumstantial evidence" implicated witness credibility).

*First*, there must be *some* documents concerning the investment decision. ███████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

16



. (ECF 46-11 (the investment "*was vetted* by the Company's CEO, CFO, and an investment team" (emphasis added)); Ex. 13 (Response No. 4) ("[*t]he 'vetting'* cited in the Board Resolution *was primarily conducted orally* among those individuals" (emphasis added)).)[24]





17



HRB's refusal to collect evidence from Mr. Wey and other key figures weighs against summary judgment. *See 360 Mortg. Grp.,* 2022 WL 955476, at *3, *6 (denying motion where decisionmakers (technically non-parties) were "central to the case" but not made available for deposition).

4.

18



Unfortunately, we cannot meaningfully explore HRB's depositor relationships because HRB has produced no information about them, asserting a Nevis confidentiality objection (*see infra*). Whatever the reason, this missing evidence weighs against summary judgment. *Shrenuj*

---

[27] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[28] HRB emphasizes the general rule that "'[w]hen a customer deposits funds, the bank ordinarily becomes the owner of the funds and consequently has the right to use the funds[.]'" *Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*, 134 F.4th 73, 81 n.4 (2d Cir. 2025). That general rule is not in dispute, but it begs the question whether HRB and its depositors had a different arrangement. *See* 9 N.Y.Jur.2d Banks § 263 ("While the presumption is that a deposit is general and not special, its character as general or special is determined by the contract, either express or implied, made between the bank and the depositor, as evidenced by what was said and done when the transaction took place."). This issue can be difficult to resolve on summary judgment because it concerns issues of intent. *See Southwestern Payroll Serv., Inc. v. Pioneer Bancorp, Inc.*, 2025 WL 3755595, at *6 (N.D.N.Y. Aug. 25, 2025); *Swan Brewery Co. v. U.S. Trust Co.*, 832 F. Supp. 714, 717-18 (S.D.N.Y. 1993).

*USA, LLC v. Rosenthal & Rosenthal, Inc.*, 2014 WL 1226469, at *6 (S.D.N.Y. Mar. 25, 2014) (denying motion where *non-movant* failed to preserve important evidence). ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

### 5.    Questions Regarding FBL.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[29] In denying Mr. Guzman's motion to intervene, the Court "did not make a finding" that he "was in fact a depositor as opposed to an investor, was or wasn't intent on participating in this litigation for means other than appeared on the face of the complaint." (ECF 191, 32:22-33:4.)

[30]



**6.      Financial Statements Do Not Establish Beneficial Ownership.**

21

## II.   Additional Discovery is Necessary.

Summary judgment also should be denied or deferred because HRB has failed to provide appropriate discovery.  As described below and in the accompanying Houck Declaration, Sri Lanka respectfully requests additional discovery under Rule 56(d).  *See Miller v. Wolpoff & Abramason, L.L.P.*, 321 F.3d 292, 303-304 (2d Cir. 2003).[33]

*Requested Discovery*

The question here is whether HRB really purchased the Bonds for its own account, or did so on someone else's behalf.  This requires discovery into, *e.g.*, HRB's investment decision and depositor relationships.  (Houck Decl. ¶¶ 66-71.) ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

To obtain the relevant evidence, Sri Lanka seeks full compliance with its June 24, 2025 Second Request for Production of Documents and a deposition of Benjamin Wey.  (Exs. 5, 9.)

Document Custodians.  HRB should produce all requested documents (including but not limited to searching personal phones)[34] from Benjamin Wey, Yingmao Wei, CEO Kaza, Tony Baldry (board chair), Ghassan Nasr (employee accompanying Benjmain Wey to Sri Lanka), and

---

[33]   The requested discovery is appropriate prior to trial in any event.

[34]   ████████████████████████████████████████████████████

Warren Raiti.  HRB clearly has the practical ability to obtain their documents.  (ECF 185.) ▮



Depositor Information.   Information about HRB's top depositors (including ultimate beneficial owner and KYC information)[36] is essential to assessing their relationship with HRB. ▮▮▮▮▮▮▮  HRB invokes the Nevis Confidentiality Relationships Act ("CRA"), but has never substantiated that objection.  As explained in the Peacock Declaration, it is at least "strongly arguable" that the CRA would allow disclosure and, even if not, there is limited prosecution risk.  (Peacock ¶¶ 24-28, 41-47.)  In any event, given HRB's status as plaintiff, the relevance of the material and the high stakes, the Court should require discovery notwithstanding foreign law.  (ECF 185.)

Wey Deposition.  HRB promised to make Mr. Wey available for deposition if necessary. (ECF 160.)

*Efforts to Obtain Discovery*

In July 2025, the Court approved the relevant document requests and held open the possibility for a future deposition of Mr. Wey.  (Houck Decl. ¶ 21.)  For months, HRB resisted



providing reasonable discovery—*e.g.*, insisting on email-only searches, hiding behind the fiction that Mr. Wey is just an "advisor." (*Id.* ¶¶ 73-74.)  In the January 26, 2026 Order, the Court expressly allowed Sri Lanka to argue for additional discovery. (ECF 190.)

## CONCLUSION

For the foregoing reasons, summary judgment should be denied or deferred pending additional discovery.

Dated: June 24, 2026
      New York, New York

CLIFFORD CHANCE US LLP

 s/ Robert G. Houck

Robert G. Houck
John P. Alexander
Benjamin A. Berringer
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

*Attorneys for The Democratic Socialist
Republic of Sri Lanka*

24

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1, and this Court's Order dated March 23, 2026 (ECF 197), I certify that this brief complies with the word-count limit.  This brief contains 7321 words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Local Civil Rule 7.1.

Dated:  June 24, 2026

 s/ Robert G. Houck         
Robert G. Houck
