# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

July 7, 2026

*Approved. Denise Cote*
*7/9/26*

**BY ECF**

Hon. Denise Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

**Re:** *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*, **No. 22 Civ. 5199 (DLC)**

Dear Judge Cote:

On behalf of Plaintiff Hamilton Reserve Bank Ltd. (the "Bank"), we respond to the Court's June 30, 2026 Order (ECF 216) to address why unredacted versions of the following filings should remain under seal: (i) Defendant Sri Lanka's Supplemental Memorandum of Law in Opposition to the Bank's Motion for Summary Judgment (ECF 206), (ii) the Declaration of Avinash Persaud (ECF 205) and attached report (ECF 205-1, the "Persaud Report"), (iii) the Declaration of Juan Migone (ECF 204) and attached report (ECF 204-1, the "Migone Report") and (iv) the Declaration of Robert G. Houck (ECF 207-214, the "Houck Declaration") and the Exhibits attached thereto.

Courts in this Circuit have recognized that, even at summary judgment[1], sealing may be appropriate to protect sensitive, non-public information. *See Thor Equities, LLC v. Factory Mut. Ins. Co.*, No. 20 CIV. 3380 (AT), 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Range v. 230 W. 41st St. LLC*, Case No. 1:17-cv-00149-LAP, ECF 92 (S.D.N.Y. Feb 13, 2020). If a document only partially references such information, application of tailored redactions may be appropriate. *See Thor Equities*, 2023 WL 6382684, at *1. But where a document is almost entirely composed of such information, redactions may not be appropriate, and keeping the document entirely under seal may be warranted. *See United States v. Amodeo*, 71 F.3d 1044, 1053 (2d Cir. 1995).

We respectfully request that the Court apply that approach here. To that end, we have filed for the Court's consideration redacted versions of the following documents, which apply tailored

---

[1]    The Bank notes that Defendant's Supplemental Memorandum (ECF 206) is not only an opposition to the Bank's motion for summary judgment, but also a request for additional discovery, and the presumption of public access associated with discovery disputes is "somewhat lower" than the presumption applied on summary judgment. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

1

redactions to protect the Bank's non-public and commercially sensitive information: the Persaud Report, the Migone Report, the transcript of the Bank's 30(b)(6) deposition (Houck Declaration Exhibit 26), and Houck Declaration Exhibits 35 and 79. *See* ECF 217 (Garbacz Declaration).[2] We respectfully request that the unredacted version of these documents remain under seal, along with unredacted versions of Defendant's Supplemental Memorandum of Law (ECF 206), the Houck Declaration, and the remainder of its sealed Exhibits.

These documents all contain or discuss highly sensitive non-public information that was marked as "Confidential" pursuant to the Protective Order in this case. ECF 38. This information includes: (a) details regarding the Bank's financial statements, including the specific amounts and composition of the Bank's assets and liabilities and the at-issue Bonds as a percentage of the Bank's total assets, (b) data regarding the Bank's customers, including detailed spreadsheets showing the deposit balances of specific Bank customers, (c) internal policies and strategy documents, including the Bank's investment policies and its anti-money laundering policy, (d) internal correspondence among Bank employees and advisors regarding the Bank's investment strategy, and (e) personally identifying information about the Bank's beneficial owner, including his passport number. It also includes confidential correspondence between the Bank and the Nevis regulator, as well as correspondence between the Bank and its auditors, which discuss the foregoing information. Attached as **Appendix A** is a chart that provides a document-by-document description of the highly sensitive non-public information included in each document that the Bank requests to keep under seal.

The privacy interest of the Bank, its customers, its owner and the Nevis regulator, along with the potential for commercial harm to the Bank, outweigh the presumption of public access and warrants sealing. Sealing is especially important here because Defendant's Supplemental Memorandum ███████████████████████████████████████████████████████████████

—

While documents filed in support of or in opposition to summary judgment are generally considered judicial documents that are entitled to a presumption of public access, that presumption can be overcome by competing considerations. *See Amodeo*, 71 F.3d at 1050. One competing consideration is the privacy interest of the party resisting disclosure. *Id.*. Privacy interests have special weight when the party resisting disclosure is a private entity rather than a public one, and where the information at issue does not affect the general public. *Id.* at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public."). Thus, on summary judgment, courts have granted sealing of a private company's "profits and losses, and the structure of its finances," recognizing that this information "is confidential and should remain so." *Range v. 230 W. 41st St. LLC*, Case No. 1:17-cv-00149-LAP, ECF 92 (S.D.N.Y. Feb 13, 2020) (granting motion to seal in connection with motion for summary judgment). Here, the Bank is a private entity whose ultimate shareholder is an individual person, and its financial records do not impact the general public. This weighs in favor of sealing.

---

[2]     The Garbacz Declaration also attaches completely unredacted versions of Houck Declaration Exhibits 59 and 61.

Another consideration is whether disclosure would cause unnecessary harm. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (reversing lower court and holding that video should not be publicly disclosed notwithstanding the fact that it was a judicial document because disclosure would cause unnecessary harm). This includes commercial harm to the party resisting disclosure. *Thor Equities*, No. 20 CIV. 3380 (AT), 2023 WL 6382684, at *1 (on summary judgment, granting motion to seal documents containing sensitive business information which if disclosed could cause commercial damage to defendant); *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (approving motion to seal documents containing confidential business information filed in support and in opposition of summary judgment).

Here, public disclosure of the Bank's financial information, its investment strategy, its communications with the Nevis regulator and its auditors ███████████████████████████████████████████, and Defendant's characterization of the foregoing in their Supplemental Memorandum (even if inaccurate or caused by Defendant's default)█████████████████████████████████████████████

Additionally, the Bank believes that once the Court has reviewed both parties' supplemental briefing (the Bank's supplemental brief is due to be filed on July 15), it will find that the Bank's non-public financial information, the details of its regulatory status, its investment strategy and its non-public internal communications discussing the foregoing are irrelevant to the sole remaining issue before the Court: whether the Bank owns the Bonds and has standing in this proceeding. *See Range*, Case No. 1:17-cv-00149-LAP, ECF 92 (permitting sealing of private financial information on summary judgment where information was "not particularly relevant to the performance of the judicial function."); *Amodeo*, 71 F.3d at 1048 ("[A]n abundance of statements and documents generated in federal litigation actually have little or no bearing on the exercise of Article III judicial power." )

Respectfully submitted,

/s/ Lee Wolosky
Lee Wolosky

3