**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HAMILTON RESERVE BANK LTD.,

       Plaintiff,

  v.

THE DEMOCRATIC SOCIALIST REPUBLIC OF
SRI LANKA,

       Defendant.

No. 22 Civ. 5199 (DLC)

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW**
**REGARDING EXPERT EVIDENCE**
**AND THE WEY DECLARATION**

Robert G. Houck
John P. Alexander
Benjamin A. Berringer
CLIFFORD CHANCE US LLP
Two Manhattan West
375 9th Avenue
New York, New York 10001

*Attorneys for Defendant*
*The Democratic Socialist Republic*
*of Sri Lanka*

Dated: July 29, 2026

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT........................................................................................................ 1

ARGUMENT ............................................................................................................................... 2

    I.     Sri Lanka's Expert Evidence Is Relevant and Reliable. .................................................. 2

      A.    Avinash Persaud. ..................................................................................................... 2

           1.   ██████████████████████████████████████████

           2.   ██████████████████████████████████████████

           3.   ██████████████████████████████████████████

           4.   ██████████████████████████████████████████

      B.    Juan Migone. ........................................................................................................... 9

    II.    HRB's Improper Submission of the Wey Declaration. ................................................. 10

CONCLUSION............................................................................................................................ 12

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.,*
743 F. Supp. 3d 530 (S.D.N.Y. 2024) ................................................................................. 2

*Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat,*
790 F. Supp. 3d 247 (S.D.N.Y. 2025) ................................................................................. 9

*Bey v. City of New York,*
2009 WL 2033066 (S.D.N.Y. July 10, 2009) ................................................................... 11

*Henkel v. Wagner,*
2016 WL 1271062 (S.D.N.Y. Mar. 29, 2016) ..................................................................... 5

*In re Dana Corp.,*
574 F.3d 129 (2d Cir. 2009) .............................................................................................. 12

*In re Mirena IUD Products Liability Litigation,*
169 F. Supp. 3d 396 (S.D.N.Y. 2016) ................................................................................. 9

*Marx & Co. v. Diners' Club Inc.,*
550 F.2d 505 (2d Cir. 1977) ................................................................................................ 3

*Minskoff v. Mendoza,*
797 F. Supp. 3d 238 (E.D.N.Y. 2025) ............................................................................... 11

*Nicholas v. Bratton,*
376 F. Supp. 3d 232 (S.D.N.Y. 2019) ............................................................................. 2, 5

*Nimely v. City of N.Y.,*
414 F.3d 381 (2d Cir. 2005) ................................................................................................ 2

*Price v. L'Oreal USA, Inc.,*
2020 WL 4937464 (S.D.N.Y. Aug. 24, 2020) ..................................................................... 7

*Reach Music Pub., Inc. v. Warner Chappell Music, Inc.,*
988 F. Supp. 2d 395 (S.D.N.Y. 2013) ......................................................................... 3, 8, 9

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.,*
2016 WL 5408171 (S.D.N.Y. Sept. 27, 2016) .................................................................. 11

*Sprint Communications Co. v. APCC Services, Inc.,*
554 U.S. 269 (2008) ............................................................................................................ 9

iii

<u>Rules</u>

Federal Rule of Evidence 702...................................................................................................... 2

Defendant Sri Lanka submits this brief to address Plaintiff HRB's challenge to Sri Lanka's expert evidence and HRB's submission of the Wey Declaration (ECF 228).[1]

**PRELIMINARY STATEMENT**

HRB provides no convincing explanation for the many factual questions surrounding its claimed beneficial ownership of the Bonds. Instead, HRB clings to the notion that this is a run-of-the-mill sovereign debt litigation. (ECF 235, at 1-2.) It is not. ████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████ HRB has refused to provide normal discovery about its depositor base, ████████████████████████████

████████████████████████████████████

██████████████████████████████████ In short, as detailed in Sri Lanka's supplemental brief, there is good reason to believe that the Bonds are beneficially owned by some third-party, not HRB.

These matters are addressed in the expert testimony of Avinash Persaud and Juan Migone. Mr. Persaud and Mr. Migone have "enormous expertise in their fields," and the Court found their prior declarations "very revealing and helpful." (ECF 161, 5:22-6:2.) But HRB now asks the Court to find their testimony "irrelevant and unreliable." (ECF 235, at 22.)[2] This argument is meritless. Sri Lanka's expert evidence is well within the bounds of the Federal Rules and, we respectfully submit, will assist the Court in resolving this matter.

---

[1]    Capitalized terms have the meaning given them in Sri Lanka's supplemental opposition brief (ECF 206, at 1 n.1; "Ex." refers to exhibits to the June 24, 2026 Houck Declaration).

[2]    HRB even goes so far as to claim their testimony is "designed to mislead the Court." (ECF 235, at 18.) We emphatically reject that baseless assertion.

Separately, after long refusing to provide discovery from Benjamin Wey, HRB now asks the Court to credit his conclusory and self-serving declaration. This is highly unfair. Despite repeated requests, Sri Lanka has had no opportunity to cross-examine Mr. Wey or analyze his documents. HRB's belated submission of the Wey Declaration is a transparent effort to evade scrutiny of Mr. Wey's purported testimony. The Court should reject this gambit.

## ARGUMENT

### I.    Sri Lanka's Expert Evidence Is Relevant and Reliable.

The Court serves a "gatekeeping" function under Federal Rule of Evidence 702, but applies a "liberal standard of admissibility." *Nimely v. City of N.Y.*, 414 F.3d 381, 395 (2d Cir. 2005). As relevant here, experts may testify from "experiential knowledge"; so long as the testimony is reliably grounded in that experience, it does not require "exact precision" or "scientific methodology." *Nicholas v. Bratton*, 376 F. Supp. 3d 232, 289 (S.D.N.Y. 2019). In considering whether expert evidence will "assist the trier of fact," courts take a liberal view of relevance. *Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*, 743 F. Supp. 3d 530, 539-40 (S.D.N.Y. 2024).

### A.    Avinash Persaud.

HRB does not (and cannot) dispute Mr. Persaud's qualifications. He was a major contributor to Basel III and has held various regulatory positions, including on the UK's Treasury Audit and Risk Committee (which reviewed and compared the balance sheets and liquidity of troubled banks during the global financial crisis) and as chair of Barbados's Financial Services Commission (which regulates non-bank financial institutions). He also held senior positions both at large institutions like UBS, and at small Caribbean banks. (Persaud Report ¶¶ 18-25; Ex. 30 (Persaud 37:22-38:20, 40:3-42:5, 50:22-52:25, ███).) As discussed below, his opinions are appropriately grounded in this extensive experience and are highly relevant.

2

████ ██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████ But as Mr. Persaud explains:

> The central question addressed in this report is *not* simply whether HRB made an imprudent investment decision. A bank can make a poor investment without ceasing to operate as a bank. ████████████████████
> ████████████████████████████████████████
> ████████████████████████

(Persaud Report ¶ 4 (emphasis added).) █████████████████████

Mr. Persaud's testimony is both relevant and reliable.

*Relevance*

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

3

███████████████████████████████████████████████████

██████████████████

HRB also claims that "governance standards of more traditional banks" are irrelevant because HRB is "owned by a single individual." (ECF 235, at 4.) ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████[3]

*Reliability*

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████[4] In any event, quibbles

---

[3] ███████████████████████████████████████████████████
████████████████████████████████

[4] ███████████████████████████████████████████████████
██████████████

4

like these are a potential subject for cross-examination, not grounds for "complete exclusion."

*Henkel v. Wagner*, 2016 WL 1271062, at *11 (S.D.N.Y. Mar. 29, 2016).



However, HRB's criticisms go (if anything) to the weight, not admissibility, of Mr. Persaud's testimony. *See Nicholas*, 376 F. Supp. 3d at 290.

5

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

  ████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██[5]

    ██████████████████████████████████████

   ████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████

---

[5]    HRB elsewhere cites Mr. Kenyatta's declaration, which says that several depositors have subsequently closed their accounts.  (ECF 227.)  This belated disclosure cannot be taken at face value.  ████████████████

HRB argues it does not matter if it is an investment fund because a fund has standing to sue "on behalf of its funders." (ECF 235, at 3.) That is a red herring. █████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████

█ ████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████

██████████████████████████████████

████████████████████████████████████



HRB claims Mr. Persaud's opinion is irrelevant because—even if HRB "held title to the Bonds on behalf of depositors"—it still has standing to sue under *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008). (ECF 235, at 3, 22, 25.)  This is wrong.  *Sprint* held that an assignee had Article III standing to sue because it held "legal title" to the claim.  554 U.S. at 285.  That the assignee had agreed to remit all proceeds to the assignor—*i.e.*, the assignee was not the *beneficial* owner—did not change this.  *Id.* at 286-87; *see also id.* at 279-284 (summarizing cases distinguishing legal and beneficial ownership).[7]  Unlike the assignee in *Sprint*, HRB does not hold legal title to the Bonds and instead purports to sue expressly as ***beneficial owner***.  Whether HRB actually is the beneficial owner is the "central issue" in this case.  (ECF 143, at 1; ECF 56, at 14.)  Moreover, even as to constitutional standing, *Sprint* recognizes that assignments "made in bad faith" or not "for ordinary business purposes" may raise additional questions.  554 U.S. at 292.  Either way, Mr. Persaud's opinion concerning ███████████ is relevant to the analysis.

## B.    Juan Migone.

HRB also provides no basis for finding Mr. Migone's testimony "irrelevant and unreliable."

---

[6]    HRB cites cases like *In re Mirena IUD Products Liability Litigation*, 169 F. Supp. 3d 396, 431 (S.D.N.Y. 2016), for the uncontroversial proposition that speculation is impermissible. Notably, *Mirena* addressed purportedly scientific opinions lacking any methodology, unlike Mr. Persaud's more reliable experience-based observations.

[7]    *See also Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat*, 790 F. Supp. 3d 247, 261, 275 (S.D.N.Y. 2025) (under New York law "[h]aving 'beneficial ownership' of property, which is the 'enjoyment of the title owner's interests in the profits, benefits or contractual advantages of ownership,' is distinct from 'having legal title to the property'").



## II.    HRB's Improper Submission of the Wey Declaration.

In its supplemental brief, ██████████████████████████████ ██████████████████████████████████████████████ For example:

- HRB produced no Bond-related communications before October 2021 ████████ ████████████████████████████████████████

██████████████████████████████████████████████████ ████████████████████████████

██████████████████████████████████████████████████ ████████████████████

In the circumstances, HRB's refusal to provide discovery from Mr. Wey cuts against summary judgment. (ECF 206, at 16-18.)

Lacking any real response,[8] HRB mostly ignores this evidence and tries to get around it by submitting the Wey Declaration. In wholly conclusory fashion, Mr. Wey disclaims knowledge of agreements "between HRB and any third party" concerning beneficial ownership, reciting his purported "understanding" that HRB is the sole beneficial owner. (ECF 228 ¶ 3.)

This is fundamentally unfair. Sri Lanka has long argued that HRB should provide discovery from Mr. Wey. HRB refused, hiding behind his supposed "third party" status and claiming such discovery was unnecessary. (Houck Decl. ¶¶ 16, 21, 30, 42.) But HRB now apparently finds it convenient to submit the Wey Declaration, seeking to benefit from Mr. Wey's self-serving statements while preventing cross-examination or analysis of his documents. In the circumstances, the Wey Declaration cannot be taken at face value, nor used to support HRB's summary judgment motion. For example, in *Bey v. City of New York*, the court struck declarations on fairness grounds where defendants successfully resisted depositions of high-ranking individuals and then submitted summary judgment declarations from these same individuals (who also "disclaim[ed] personal or unique knowledge of the issues in the case"). 2009 WL 2033066, at *3 (S.D.N.Y. July 10, 2009); *see also Minskoff v. Mendoza*, 797 F. Supp. 3d 238, 259 (E.D.N.Y. 2025).

Moreover, the submission of the Wey Declaration further confirms that HRB has the practical ability to obtain discovery from Mr. Wey (*see* ECF 185). *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *8-9 (S.D.N.Y. Sept. 27, 2016) (directors' submission of declarations supported finding that company had practical ability to obtain their documents). Given the central importance of Mr. Wey to this dispute, HRB should search his

---

8 ██████████████████████████████████████████████████

documents—including but not limited to his phone and personal email—and make him available

for deposition. ███████████████ [9]

## CONCLUSION

For the foregoing reasons, (1) Sri Lanka's expert evidence is appropriately considered, and

(2) HRB cannot rely on the Wey Declaration and should provide discovery from Mr. Wey.

Dated: July 29, 2026
New York, New York

CLIFFORD CHANCE US LLP

s/ Robert G. Houck

Robert G. Houck
John P. Alexander
Benjamin A. Berringer
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

*Attorneys for The Democratic Socialist
Republic of Sri Lanka*

---

[9] A deposition alone is insufficient. *See In re Dana Corp.*, 574 F.3d 129, 150 (2d Cir. 2009) (noting that "deposition testimony may be shown to have been false after documentary evidence is obtained").

12

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1, this Court's Order dated March 23, 2026 (ECF 197), and this Court's Order dated July 16, 2026 (ECF 237), I certify that this brief complies with the word-count limit.  This brief contains 3,369 words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Local Civil Rule 7.1.

Dated:  July 29, 2026

__s/ Robert G. Houck_____

Robert G. Houck

13