# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

July 30, 2026

*Granted.*
*//unie Cole*
*7/30/26*

**BY ECF**

Hon. Denise Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

**Re:** *Hamilton Reserve Bank Ltd. v. The Democratic Socialist Republic of Sri Lanka*, **No. 22 Civ. 5199 (DLC)**

Dear Judge Cote:

Plaintiff Hamilton Reserve Bank Ltd. respectfully requests leave to submit a short reply brief in support of its pending motion for summary judgment (ECF 44, the "Motion"), and in response to Defendant's supplemental memorandum in opposition filed yesterday (the "July 29 Brief").

On March 23, 2026, the Court endorsed the Parties' jointly proposed guidelines and limitations for supplemental briefing on Plaintiff's Motion. ECF 197. Those jointly proposed guidelines provided that both Parties would submit a *single* supplemental brief, and that, only in the event that Plaintiff's brief "raises a challenge to the admissibility of supplemental evidence," Defendant would be "entitled to submit a response that is limited to responding to Plaintiff's challenges to admissibility." *Id.* The guidelines made clear: "For the avoidance of doubt, if Plaintiff's supplemental brief does not raise a challenge to the admissibility of supplemental evidence, Defendant will not be entitled to submit a response." *Id.* This limitation was designed to avoid giving Defendant a sur-reply in opposition to the Motion, and an unfair opportunity to make arguments that it could have made in its supplemental brief. See *Diallo v. New York City*, No. 23-CV-1238 (LAP), 2025 WL 522514, at *5 (S.D.N.Y. Feb. 18, 2025) ("Sur-replies are appropriate only in 'the exceptional though rare case[.]'")

The July 29 Brief is not "limited to responding to Plaintiff's challenges to admissibility." In fact, unlike Defendant's supplemental brief, Plaintiff's supplemental brief does not make any challenges to admissibility for Defendant to respond to. Instead, Defendant has utilized the July 29 brief as a means of making arguments about the weight and relevance of expert testimony (and other issues) that it could have made in its June 24 brief. The July 29 Brief also makes arguments about Benjamin Wey that could have been made (and/or were made) in Defendant's June 24 brief. Defendant insists that it is entitled to additional briefing on this issue because Plaintiff submitted a declaration from Mr. Wey. ECF 236. But nothing in the Parties' joint guidelines prohibited Plaintiff from submitting supporting declarations, and in fact Defendant itself submitted a new declaration in support of its June 24 brief. *See* ECF 202.

1

In short, the July 29 Brief is an improper and unfair sur-reply.  Because it is Plaintiff's Motion that is pending before the Court, Plaintiff respectfully requests that it be given the last word, and an opportunity to briefly respond to the July 29 Brief.  Specifically, Plaintiff requests leave to submit a short reply brief in support of the Motion, of no more than 2,500 words, on August 5th, 2026, and that thereafter the Court take the Motion on submission.

Respectfully submitted,

/s/ Lee Wolosky
Lee Wolosky