**regardiUNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| HAMILTON RESERVE BANK LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE DEMOCRATIC SOCIALIST REPUBLIC OF SRI LANKA. <br><br> Defendant. | No. 22 Civ. 5199 (DLC) |

**SUPPLEMENTAL REPLY IN FURTHER SUPPORT**
**OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Lee Wolosky
Justin Garbacz
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
lwolosky@willkie.com
jgarbacz@willkie.com

Tom M. Fini
CATAFAGO FINI LLP
One Grand Central Place
47th Floor
New York, NY 10165
Telephone: (212) 239-9669
tom@catafagofini.com

*Attorneys for Plaintiff Hamilton Reserve Bank Ltd.*

Dated: August 5, 2026

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT.............................................................................................................................3

I.    Defendant's Expert Testimony Is Irrelevant and Unreliable ...............................................3

        A.    Persaud.............................................................................................................3

        B.    Migone .............................................................................................................7

II.    The Wey Declaration .........................................................................................................8

CONCLUSION..........................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Contemporary Mission, Inc. v. U.S. Postal Serv.*,
  648 F.2d 97 (2d Cir. 1981)............................................................................................8

*D'Amico v. City of New York*,
  132 F.3d 145 (2d Cir. 1998)..........................................................................................1

*Highland Capital Mgmt., L.P. v. Schneider*,
  379 F. Supp. 2d 461 (S.D.N.Y. 2005)...........................................................................5

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
  542 F.3d 290 (2d Cir. 2008)..........................................................................................4

*In re Mirena IUD Products Liab. Litig.*,
  169 F. Supp. 3d 396 (S.D.N.Y. 2016).........................................................................4, 6

*NML Cap., Ltd. v. Republic of Argentina*,
  2011 WL 4529332 (S.D.N.Y. Sep. 28, 2011)...............................................................6

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*,
  691 F.Supp.2d 448 (S.D.N.Y.2010)..............................................................................5

*Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*,
  988 F. Supp. 2d 395 (S.D.N.Y. 2013)........................................................................3, 5

*SEC v. Terraform Labs Pte. Ltd.*,
  708 F. Supp. 3d 450 (S.D.N.Y 2023)............................................................................6

*Sprint Commc'ns. Co., L.P. v. APCC Servs.*,
  554 U.S. 269 (2008)....................................................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 56(d) ..............................................................................................2, 8, 9

S.D.N.Y. Local Civ. R. 7.1 ...............................................................................................1

Plaintiff Hamilton Reserve Bank Ltd. ("HRB") submits this reply brief in further support of its Motion[1], and in response to Defendant's Supplemental Memorandum of Law Regarding Expert Evidence and the Wey Declaration (ECF 241, "Response").

## PRELIMINARY STATEMENT

HRB's Motion has been pending since July 2023, and the sole issue before the Court is whether HRB is the beneficial owner of the Bonds. The factual record uniformly establishes that it is. In order to defeat summary judgment, Defendant was required to come forward with hard evidence to rebut HRB's ownership. *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). Because Defendant has failed to do so, the Motion should be granted.

Defendant attempts to confuse the sole issue before the Court by submitting reports from two experts— (i) Avinash Persaud, ███████████████████████████████ ████████████████████████████████ and (ii) Juan Migone, ████████████ ████████████████████████████.

As set out in HRB's Brief, Defendant's expert testimony fails every test of expert reliability. On top of being speculative (which, by itself is a fatal flaw), Defendant's expert testimony lacks a foundation in data or methodology, and systematically ignores contrary evidence. Rather than addressing these serious issues, Defendant's Response downplays them as "quibbles" over the testimony's "weight" (Response p.4-5), when in fact any one of them would provide a sufficient basis to strike the testimony as inadmissible.

Despite the unreliability of Defendant's expert testimony, HRB's Brief did not challenge its admissibility. That is because granting HRB's straightforward Motion does not turn on the

---

[1] Unless otherwise specified, capitalized terms have the same meaning given to them in HRB's Supplemental Memorandum of Law (ECF 235) ("HRB's Brief").

admissibility or credibility of Defendant's experts.    **The most important thing about Defendant's experts is this: Their testimony is irrelevant to whether HRB is the beneficial owner of the Bonds.**

Thus, even if the Court were to give Defendant's expert testimony any weight (and it should not), it still would not provide a basis to deny the Motion.

Defendant's complaints about HRB's submission of a declaration from Mr. Benjamin Wey ring hollow especially given that Defendant submitted a 22-page declaration from a never-disclosed purported expert on Nevis law (ECF 202, the "Peacock Declaration")[2], without Court approval and in direct violation of the parties' Court-approved guidelines, which required that any supplemental experts be designated on April 10, 2026 and made available for deposition.  ECF 197.[3]  Defendant's complaints are another distraction from the fact that it has fallen woefully short of either defeating summary judgment or meeting the high standard for additional discovery under Rule 56(d).

---

[2]    HRB could have moved to strike the Peacock Declaration but did not because even if, as Mr. Peacock suggests, it is "arguable" that Nevis law *might* not prohibit disclosure of depositor names, Defendant has not explained how disclosure of depositor identities would create a genuine issue of material fact regarding HRB's ownership of the Bonds.  HRB's Brief p.22-23.

[3]    The guidelines do not prohibit the submission of fact declarations.  ECF 197.

2

## ARGUMENT

**I.    Defendant's Expert Testimony Is Irrelevant and Unreliable**

**A.    Persaud**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

Defendant's Response relies heavily on *Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*, a case that stands for the unremarkable proposition that, in some cases, expert testimony regarding industry norms can be relevant.  988 F. Supp. 2d 395, 402-404 (S.D.N.Y. 2013).  *Reach* involved a claim for tortious interference with a contract, and at issue was whether defendant subjectively believed the copyright at-issue existed.  *Id.*  In support of its state-of-mind defense, defendant submitted testimony from an expert who testified, based on music industry norms, that plaintiff's conduct was not consistent with that of a copyright owner.  *Id.*  The court found the testimony relevant because it supported defendant's defense that it did not believe a copyright existed.  *Id.*

Neither Plaintiff's nor Defendant's state of mind is at issue in this simple breach of contract case.  Industry custom was relevant in *Reach*; it is not relevant here.

The only part of Mr. Persaud's testimony that seems like it might be relevant (but that—as explained below—is not) violates nearly every requirement of expert testimony, and is thoroughly

3

rebutted by Mr. Roth.[4]   ECF 232-2.  ███████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███

   █████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████

   ***Second***, Mr. Persaud's report identifies no methodology—much less a reliable one—for

deriving the depositor hypothesis, which is another fatal flaw.  *In re Mirena IUD Products Liab.*

*Litig.*, 169 F. Supp. 3d 396, 458-59 (S.D.N.Y. 2016).  Defendant's Response concedes that Mr.

Persaud has no methodology, and then suggests this is acceptable because Mr. Persaud relied on

"experience."  Response p.2.  ███████████████████████████████████

████████████████████████████████████████████████████████

---

[4]       The fact that Mr. Roth does not challenge Mr. Persaud's testimony regarding what is prudent or usual is irrelevant because neither bears on whether HRB owns the Bonds.

4

██████████████████████████████████████ Moreover, as Defendant's own cited case explains: "an expert basing his opinion solely on experience must do more than aver conclusorily that his experience led to his opinion, and must do more than propound a particular interpretation of [a party's] conduct." *Reach*, 988 F. Supp. 2d at 401 (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 473 n.2 (S.D.N.Y. 2005)). Rather, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id.* (quoting *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*, 691 F.Supp.2d 448, 473 (S.D.N.Y.2010)). The Court will search Mr. Persaud's report in vain for those explanations.

████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████

5

It is inappropriate for an expert to "come up with a theory by which a phenomenon could occur, and leave it at that," without testing the theory and accounting for information that undermines it. *In re Mirena*, 169 F. Supp. 3d 396, 450 (S.D.N.Y. 2016). Mr. Persaud's failure to account for facts that undercut his theory, or to consider alternative explanations, is a fatal flaw. *See id.* at 460-61 (striking expert testimony, observing that "[a]ny theory that fails to explain information that otherwise would tend to cast doubt on that theory is inherently suspect.").



 *See SEC v. Terraform Labs Pte. Ltd., 708 F. Supp. 3d* 450, 469-470 (S.D.N.Y 2023) (finding expert unreliable when she attempted at deposition to downplay inconvenient documents by characterizing them as irrelevant).

 But even if it is credited (it should not be), it does not defeat summary judgment because—like the rest of his testimony—it is irrelevant. Even if HRB were a fund, it would still have standing. *See NML Cap., Ltd. v. Republic of Argentina*, 2011 WL 4529332, at *3 (S.D.N.Y. Sep. 28, 2011).

Defendant's attempt to distinguish *Sprint Commc'ns. Co., L.P. v. APCC Servs.* is unavailing. 554 U.S. 269 (2008). While Cede holds formal title to the Bonds, the Second Circuit

6

has recognized that a beneficial owner can establish standing by obtaining an authorization letter from Cede—which HRB did at the outset of this case. *See* HRB's Brief p.1-2 (citing authority). Defendant itself acknowledges that HRB purchased and holds the Bonds (ECF 206 p.13), but speculates without evidence that HRB is an aggregator that purchased the Bonds on behalf of depositors, who will ultimately receive Bond proceeds. *Sprint* confirms that even if that speculative theory were true (it is not), it would not deprive HRB of standing. 554 U.S. at 287.

### B.   Migone

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████ But Defendant cites no authority to support its suggestion that HRB's ownership of the Bonds depends on its financial condition, or on whether its conduct was, in Defendant's view, "normal."

HRB has now produced all the audited financial statements that Defendant previously demanded it must produce, which further substantiate that it owns the Bonds. HRB's Brief p.17.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████

II.    **The Wey Declaration**

Discovery in this case closed in 2023, and the sole issue on which the Court ordered supplemental discovery in 2025 was whether HRB's "internal records reflect that it is the beneficial owner of the [B]onds[.]" ECF 143  Non-party Mr. Wey is not an officer, director, or employee of HRB.  ECF 174, 186, 203-13.  For the reasons set out in HRB's Brief, third party discovery from Mr. Wey is completely unnecessary, and Defendant has failed to meet the high standard for additional discovery under Rule 56(d).

Defendant suggests that HRB submitted the Wey Declaration (ECF 228) to gain an unfair tactical advantage in support of its Motion for summary judgment.  Response p.11.  That is false. Unlike in Defendant's cited cases, HRB does not affirmatively rely on the Wey Declaration to support its Motion for summary judgment; it submitted the Declaration solely in response to Defendant's request for additional discovery.  Defendant—lacking any evidence at all to rebut HRB's ownership—speculated in its supplemental brief that Mr. Wey might have knowledge of an agreement between HRB and depositors regarding the Bonds (that somehow HRB itself does not have possession of).  ECF 206 p.3.  The Wey Declaration confirms that he does not.  Even without Mr. Wey's Declaration, Defendant's suggestion that Mr. Wey might have knowledge of an agreement between HRB and depositors regarding the Bonds—and agreement that HRB has repeatedly confirmed does not exist (*see e.g.* ECF 227)—is purely speculative, and does not support Defendant's request.  *See Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981) (Courts should not grant discovery based on speculation).

Unlike Defendant's submission of the Peacock Declaration, Defendant's submission of the Wey Declaration did not violate the parties' Court-approved guidelines.  ECF 197.  The Wey Declaration was submitted to further confirm what is already abundantly clear: Additional discovery would be a waste of time and resources, and would needlessly delay the resolution of

8

this breach of contract case.  And even if Mr. Wey's Declaration is set aside, Defendant falls woefully short of meeting the Rule 56(d) standard.

## CONCLUSION

HRB's Motion has been pending since 2023.  It should be granted, and Defendant's request for additional discovery should be denied, and the Court should issue a final judgment.

Dated: August 5, 2026
      New York, New York

**WILLKIE FARR & GALLAGHER LLP**

/s/ Lee Wolosky
Lee Wolosky
Justin Garbacz
787 7th Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
lwolosky@willkie.com
jgarbacz@willkie.com

CATAFAGO FINI LLP
Tom M. Fini
One Grand Central Place
47th Floor
New York, NY 10165
Telephone: (212) 239-9669
tom@catafagofini.com

*Counsel for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1, and this Court's Order dated July 30, 2026 (ECF 247), I certify that this brief complies with the word-count limit. This brief contains 2488 words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Local Civil Rule 7.1.

Dated: August 5, 2026

/s/ Lee Wolosky